## THE STATE V. SCHAFFER.

1. **Criminal Evidence:** EVIDENCE OF DIFFERENT OFFENSE FROM THAT CHARGED. On a trial for the larceny of a set of harness, the state was permitted to prove that one C. had lost some spools of fence wire, and that a search-warrant had been sued out for the same, and that the sheriff and C. went to the premises of defendant, and made search under the authority of the warrant, and, while so searching, found the stolen harness. *Held* that there was no error in admitting the evidence in regard to the wire, in explanation of the manner in which the harness was discovered in defendant's possession.

2. ——: ——: FLIGHT. Where the state sought to prove that defendant had fled after the stolen property had been found in his possession, and the sheriff of the county had testified that he had made a futile search for him, *held* that it was not error to permit the sheriff to state that, while making such search, he had a warrant for his arrest on another charge—not for the purpose of proving him guilty of another offense, but to show that the sheriff had a motive to make a thorough search.

3. ——: ——: CROSS-EXAMINATION. Where defendant in an indictment for the larceny of a set of harness testified that he had purchased the property and had hidden it in the place where it was found for fear that it would be stolen from him, *held* that it was proper for the prosecuting attorney to ask him, in cross-examination, why he had in the same box with the harness hidden certain other property which, in his examination in chief, he had admitted that he had stolen.

4. ——: LARCENY: PURCHASE: PRIOR CONVERSATION. Where defendant in an indictment for larceny testified that he had purchased the property from one V. on the twenty-eighth of May, *held* that a conversation between him and V., two days before, about the purchase of the property was immaterial.

5. ——: ——: EVIDENCE TO OVERCOME PRESUMPTION FROM POSSESSION. Where the principal circumstance against defendant was that the stolen goods were found in his possession, hidden away with other stolen property, but defendant testified that he had purchased the property from another, and was in this corroborated by another witness, but the transaction was attended by many suspicious circumstances, *held* that a verdict of guilty could not be set aside for want of evidence.

*Appeal from Henry District Court.*

THURSDAY, DECEMBER 16.

THE defendant was convicted of the larceny of a set of

harness, and sentenced to a term of imprisonment in the penitentiary, and from that judgment he appeals.

*L. G. & L. A. Palmer,* for defendant.

*A. J. Baker, Attorney-general,* for the State.

REED, J.—I.  It was proven on the trial that the property described in the indictment was stolen from the barn of the owner on the night of the twenty-seventh of May, 1884.  On the twenty-fifth of June following, it was found secreted in an ice-house, on the premises of the defendant.  It was discovered by the sheriff of the county and one Chandler, who went to defendant's place under the authority of a search-warrant to search for certain spools of fence wire which Chandler had lost some time before.  Defendant was present when the parties went to his place, and, after some parley with them, he unlocked the door of his barn, and permitted them to enter it and make search for the property described in the warrant. When they came out of the barn, he asked the sheriff whether he had found the property, and, being answered in the negative, he remarked to the sheriff:  "There is my ice-house.  Perhaps you had better search it."  The sheriff and Chandler accordingly entered the ice-house, and, commenced to search there.  They thrust a pitchfork into the sawdust with which the ice in the building was covered.  The fork struck what appeared to them to be a box; and, turning to make some inquiry of the defendant, who a moment before was standing near the entrance of the building, they discovered that he had disappeared.  They then dug down to the box, and opened it, and found in it the harness in question, and two spools of wire.  The state was permitted, against the objection of the defendant, to prove the facts of the loss of the wire by Chandler, and the suing out of the search-warrant, and that the sheriff and Chandler went to the premises and made a search under the authority of the warrant.

*Marginal note:* 1. CRIMINAL evidence: evidence of different offense from that charged.

Counsel for the defendant contended that, in admitting this testimony, the court violated the familiar rule that evidence of the commission by the prsioner of an offense entirely distinct from that for which he is being tried is inadmissible to establish that charge. But the evidence was not admitted for the purpose of proving that defendant was guilty of the larceny of the wire. The state, in making out its case, made no attempt to prove that the wire found in the building was the identical property which Chandler had lost. True, it was shown later in the trial that defendant had pleaded guilty to the larceny of that property, but that fact was proven by the defendant. The evidence was offered as merely explanatory of the action of Chandler and the sheriff in going upon the premises, and making the search which resulted in the finding of the harness. The facts proven by it were incidental merely to the main fact which the state was seeking to establish, viz., the possession by the defendant of the stolen property described in the indictment, and we think the evidence was clearly admissible for the purpose for which it was offered and admitted.

II. Soon after the property was found in defendant's possession, he left Mount Pleasant, where he resided, and he was subsequently found at Muscatine, where he was arrested on another charge, and taken back to Henry county. The sheriff was examined as a witness, and testified that, during the time defendant was absent, he had made search for him in Mount Pleasant, but was unable to find him. His whereabouts were then unknown to the sheriff. The witness was permitted to testify, against defendant's objection, that, during the time he was making the search for defendant, he had a warrant for his arrest on a criminal charge. This evidence was not introduced for the purpose of proving that defendant was guilty of another offense than that for which he was being tried. The state was seeking to prove that he had secretly left the place of his residence after he had been accused of that offense, which, if it

2. ——: ——:
flight.

could be proven, was a material fact in the case.  The fact that the sheriff had searched for him, and was unable to find him in the community in which he resided, had some tendency to prove that he had fled, and the fact that he (the sheriff) had in his hands a warrant for his arrest was, material as tending to prove that he had a motive for making a thorough and diligent search for him.  On this ground, we think, the question was properly allowed.

III.  The defendant was a witness in his own behalf, and testified that he purchased the property described in the

3. ——: ——: indictment from one Vandyke on the twenty-
cross-examin-
ation.     eighth of May, in the street of Mount Pleasant, and that he placed it in the place where it was found by the sheriff, for the reason that he feared it would be stolen if he left it in his barn, as that building had been entered by some person in the night-time a short time before.  On the cross-examination the district attorney was permitted to ask him why he had placed the two spools of wire in the same place, and he answered that he placed them there to hide them. He had testified in his examination in chief, in effect at least, that he had pleaded guilty to the charge that he had stolen the wire from Chandler.  The state was entitled, by cross-examination of the witness, to test the truthfulness of his statement that he had deposited the harness in that place as a matter of precaution for the safety of the property.  The question was admissible for that purpose.  The fact that he concealed the property in the place which he had used as a depository for stolen property had some tendency to show that his statement as to his motive in depositing it there was false.

IV.  Defendant testified that he had a conversation with Vandyke, with reference to the purchase of the harness, on the

4. ——:       night of the twenty-sixth of May.  He was
larceny: pur-
chase: prior   asked by his counsel what Vandyke said at that
conversation.  time about having a harness to sell.  On the objection of the district attorney the question was excluded.

The ruling is correct. Defendant was entitled, of course, to show that he had purchased the property. He testified, however, that the purchase was made on the twenty-eiglith, and that he then paid for the property, and it was delivered to him. What was said by Vandyke on the twenty-sixth about having a harness for sale, even though the statement was made during the negotiation, was immaterial. It could have no tendency to prove the fact of a sale two days later, which was the fact he sought to establish.

V. Defendant was corroborated, as to the transaction between him and Vandyke on the twenty-eighth of May, by another witness. His counsel contend that his possession of the property, which was the principal circumstance relied on by the state to establish his guilt, is explained by this evidence, and that the verdict of guilty, for that reason, is contrary to the evidence. The transaction between defendant and Vandyke, as detailed by himself and the witness who corroborated him, however, was an extraordinary and unusual occurrence. There were many suspicious circumstances attending it, which we need not point out. So far from tending to show that the transaction was an honest one, they tend rather to raise a suspicion that defendant was concerned in the commission of the larceny. It was for the jury to say what weight and credit should be given to the evidence with reference to the transaction, and we cannot say that their finding is wrong.

AFFIRMED.