JOHNSON *v.* THE STATE.

[No. 18,357.  Filed October 13, 1897.]

LARCENY.—*Identification of Stolen Property.*—A watch and chain, the stealing of which is charged, are sufficiently identified, where the prosecuting witness testified that the watch found in defendant's possession was exactly like his watch, and positively identified the chain attached thereto as the chain attached to his watch at the time it was stolen.  *p. 523.*

CRIMINAL LAW.—*Possession of Stolen Goods.*—*Evidence.*—When it is proven that property has been stolen, and the same property, recently after the larceny, is found in the exclusive possession of another, the law imposes upon such person the burden of accounting for his possession, and of showing that such possession was innocently acquired; and if he fails so to account satisfactorily for such possession, or gives a false account, the presumption arises that he is the thief.  *p. 524.*

SAME.—*Possession of Stolen Property.*—*Evidence.*—Where the identity of property described in an indictment for larceny is in dispute, evidence is admissible to show that the defendant, at the time of his arrest, had in his possession other stolen property.  *pp. 524–526.*

From the Marion Criminal Court.  *Affirmed.*

*David Johnson* and *J. O. Spahr*, for appellant.

*W. A. Ketcham*, Attorney-General and *Merrill Moores*, for State.

McCABE, C. J.—The appellant was convicted of petit larceny on an indictment charging both larceny and burglary, and sentenced to pay a fine of ten dollars and imprisonment in the State prison for three years, disfranchisement, and incapacity for holding any office of trust or profit for three years.

The action of the trial court in overruling appellant's motion for a new trial is assigned as the only error complained of.  The points made under the motion for a new trial relate to the sufficiency of the evi-

dence to support the verdict, alleged errors in the admission of evidence, and irregularity as to the jury.

The proof showed that several dwelling houses in the city of Indianapolis, during the Chirstmas week of 1896, had been entered by unknown persons, in the night time, and that various articles of personal property had been taken and carried away from such houses, among which was a watch and chain charged in the indictment to have been stolen.

The first point made is, that the evidence does not sufficiently identify the watch and chain as that belonging to Daniel C. Hitt, as alleged in the indictment; but we think that the evidence was amply sufficient to establish the identity of the stolen property. Mr. Hitt testified substantially that the watch found in the defendant's exclusive possession was exactly like his watch, and, as to the chain on it, he testified that "The chain I would identify positively as mine." This, we think, was sufficient, amid all the other surrounding circumstances in evidence, to warrant the jury in inferring that it was the watch which had been stolen a short time before, in the night time, from Mr. Hitt's dwelling house. An eminent author on evidence says: "It is an established rule of evidence, that, 'when, on a trial for larceny, identity is in question, testimony is admissible to show that other property, which had been stolen at the same time, was also in the possession of the defendant when he had in possession the property charged in the indictment.'" 3 Rice Ev., p. 732.

It is also contended that the evidence is insufficient to prove that appellant stole the watch. The uncontradicted evidence of Mr. Hitt is that on Christmas night his watch and chain were taken from his bedroom by some unknown person, and that he valued the chain at $1.25 and the watch at $13.75. Timothy

Splann, the chief of detectives of the city, with two other officers, went a day or two afterwards to Johnson's room in the city, and found an overcoat. Johnson stated that he got the coat at a misfit store in Louisville, and claimed that the watch then on his person was his own property. They also found there some silverware and a crucible to be used in the melting of gold and silver. The overcoat was fully identified by George R. Root, as were the gloves and handkerchief in its pockets, as his property which had been stolen from his residence in Indianapolis about the same time. The silverware was identified by the witness Sophia Simon, the owner. It was stolen from her house about the same time that the watch in question was stolen.

When it is proved that property has been stolen, and the same property, recently after the larceny, is found in the exclusive possession of another, the law imposes upon such person the burden of accounting for his possession, and of showing that such possesion was innocently acquired; and if he fails to so satisfactorily account for such possession, or gives a false account, the presumption arises that he is the thief. *Smathers* v. *State*, 46 Ind. 447; *Jones* v. *State*, 49 Ind. 549; *Bailey* v. *State*, 52 Ind. 462, 21 Am. Rep. 128; *Madden* v. *State, ante,* 183, and cases there cited; *Goodman* v. *State*, 141 Ind. 35.

The appellant gave a false account, both as to the watch described in the indictment, and the overcoat not therein described. He made no attempt to account for his possession of the silverware. All this authorized and justified the jury in presuming that appellant was the thief that stole the watch, at least.

In this connection it is earnestly contended that the trial court erred in admitting the evidence of Mr. Root and Sophia Simon as to the stealing of the overcoat

and silverware found in appellant's possession. The authority already quoted and cited above, warrants and justifies the admission of the evidence, so long as the identity of the watch was in dispute, and it appears from the record and briefs that it was in dispute. One of the questions involved by the evidence was whether the possession of the stolen watch was a guilty or an innocent possession. There are many ways in which the possessor of recently stolen property may rebut the presumption arising from such possession, besides accounting therefor satisfactorily. Such presumption may be opposed by the attending circumstances, such as the open and notorious possession of the property, and unsuspicious conduct of the accused in reference to the possession, use, and claim of ownership of such property; also, by the good character and habits of life of the accused. If these circumstances should raise a reasonable doubt in the mind of the jury of the guilt of the defendant, he should be acquitted. *Jones* v. *State, supra.*

These considerations bring this case within the class of cases mentioned in *Shears* v. *State,* 147 Ind. 51, where it is said: "There is a class of offenses in which from the nature of the offense itself in which the necessity and propriety of this species of evidence is recognized by the courts; for instance, in cases of conspiracy, uttering forged instruments and counterfeit coin or money, and receiving stolen goods. In these cases, and others perhaps, the act itself which is the subject of inquiry is almost always of an equivocal kind and from which the animus cannot, as in other crimes, be presumed, and almost the only evidence which could be adduced to show the guilt of the prisoner would be his conduct on other occasions. Wherever the intent with which an alleged offense was committed is equivocal, and such intent becomes an issue at the

trial, proof of other similar offenses within certain reasonable limits, is admissible as tending to throw light upon the intentions of the accused in doing the act complained of." *Crum* v. *State, ante,* 401. The act here under investigation was the possession of the stolen property, and the question was whether such possession was a guilty possession or an innocent possesson. There was no error in the admission of the testimony of George R. Root or Sophia Simon as to the stealing of the overcoat or the silverware.

The sixth ground of the motion for a new trial is, "That the court erred in admitting the evidence of one Timothy Splann in regard to the imprisonment of the defendant in the southern prison for the commission of a former crime." We are relieved from deciding the very interesting question sought to be raised by this branch of the motion for a new trial on account of the fact that the record shows that no such evidence was either offered or admitted on the trial of the cause. In the testimony-in-chief of the witness, Splann, the following questions and answers are found in the record: "Q. Now look at this and state what it is. A. That is called a crucible to melt gold and silver in, so he told me himself. I asked him where he got it, and he said at Charley Mayer's. Q. Did he tell you when he bought it? A. No sir; he didn't say when he bought it, but he said he bought it since he came back from the southern prison."

There is not a word in the record about the defendant having been imprisoned in the southern prison for the commission of a former, or for any other crime, or about his imprisonment in the southern prison, either with or without the commission of a crime, either formerly or otherwise. Hence, no question is presented to us as to whether the evidence above recited was erroneously admitted over the appellant's objection,

or as to whether the court erred in refusing to strike it out, because all such questions must be raised by making the ruling of the trial court thereon a ground for the motion for a new trial.

The last point made under the motion for a new trial is that the court erred in permitting the jury to separate after hearing the evidence and argument of counsel without instructing them in regard to their duties. If such action, or failure to act, on the part of the court were available error, such error is not made to appear in the record, because the record fails to show such separation and such failure to instruct them as to their duties.

We therefore conclude that the trial court did not err in overruling appellant's motion for a new trial.

The judgment is affirmed.