CLAMPITT vs UNITED STATES.

Opinion delivered October 27, 1905.
(89 S. W. Rep. 666).

1.  *Criminal Law—Evidence of Other Crimes when Inadmissable.*

Defendant was living with his mother and some of his brothers; defendant and his mother owned cattle and used the same brand, except that the defendant had an additional brand for the cattle claimed by him to that of the mother. The evidence further shows that the mother of defendant claimed the calf he is charged with stealing in this case as her calf; that the defendant had been arrested and taken before the Commissioner for preliminary examina tion for the larceny of two calves belonging to one Plummer; that the prosecuting witness, Cyrus Thompson, received such notice, that he went to the Clampitt place and there found the calf involved in this case, and caused the arrest of the defendant for its larceny. The government over the objection of defendant was allowed by the court to show that two of Plummer's calves were recovered

from the Clampitt field a day or two before the defendant was arrested for the larceny of the Thompson calf. *Held;* Possession of other stolen property by a defendant is competent evidence against him upon a trial for larceny, when it connects him with the transaction of which he stands accused, not as tending to prove another offense, but that one; but before such testimony is admissable it must be shown that the property in his possession was stolen property.

2. *Same—Trial—Argument of Counsel.*

It is prejudicial error, in a trial for the larceny of a calf, for the prosecuting attorney to argue to the jury that the defendant should have brought a civil action against the prosecuting witness to recover the calf in controversy, when defendant made no claim to same.

3. *Same—Arrest of Judgment—Grounds—Statute.*

Sec. 2302 Mansf. Dig. (Ind. Ter. Ann. St. 1889, Art. 1645) provides: "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." A motion in arrest of judgment interposed by defendant for the reason that at the time of trial and verdict there was another indictment pending and undisposed of does not come within the statute and will not be considered.

4. *Same.*

Under the ruling laid down in Thurman vs State, 54 Ark. 120, 15 S. W. 84, and cases cited, it was not error for the court to pass sentence upon the defendant after the judgment had been suspended and a term of court had intervened between the order making suspension, and the term at which judgment was rendered.

5. *Same—Cruel and Unusual Punishment.*

A two years sentence at hard labor for the larceny of a calf is not cruel and unusual punishment, when Art. 1628 Mansf. Dig. (Ind. Ter. Ann. St. 1899 Art. 971) provides a minimum penalty of one (1) year and a maximum penalty of five (5) years for the larceny of any kind of cattle.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, February 29, 1904.

Charles Clampitt was convicted of larceny, and he appeals. Reversed.

Appellant was indicted in the Central district of Indian Territory on October 11, 1902, and charged with the larceny of a calf, the property of C. R. Thompson. For this offense he was tried on February 10, 1903, and on February 11, 1903, the jury found a verdict of guilty as charged in the indictment. On February 17th motion for a new trial by defendant was overruled and exception duly taken, and on Saturday, February 21st, sentence of the defendant was suspended until the succeeding term of court. On February 29, 1904, on motion of the United States attorney, the defendant was sentenced to two years in the penitentiary at Ft. Leavenworth, Kan., from which sentence defendant appealed to this court.

*J. G. Ralls*, for appellant.

*J. H. Wilkins*, U. S. Atty.

GILL, J. (after stating the facts). The first assignment of error is as follows: "The court erred in overruling the objection of the defendant to certain evidence offered by the prosecution, and in permitting the evidence to go to the jury, to which action of the court the defendant duly excepted." The evidence shows that the defendant, who was a married man, was living with his mother and some of his brothers on a place about five miles north of Coalgate, and that the mother of the boys and defendant owned cattle which ran in and about the place; they using the same mark or brand, except that the defendant had an additional brand for the cattle claimed by him to that of the mother. The evidence further shows that the mother of defendant claimed the calf he is charged with stealing in this case as her calf, and claimed that it was calved upon the place from one of her cows; that the defendant had been arrested and taken before the commissioner for preliminary examination for the larceny of two calves belonging to one Plummer; that the prosecuting witness, Cyrus Thompson, received such notice that he went to the Clampitt place and

there found the calf involved in this case, and caused the arrest of the defendant for its larceny.  The government, over the objection of the defendant, was allowed by the court to show that two of Plummer's calves were recovered from the Clampitt field or pasture a day or two before the defendant was arrested for the larceny of the Thompson calf.  It becomes pertinent, then, to examine whether the court exceeded the rule in permitting evidence to go to the jury in this case showing that the defendant was in possession of other stolen ·property without showing, also, that it was taken about the same time and from the same place as the property he was alleged to have stolen.  In Oxier vs United States, 1 Ind. Ter. 90, 38 S. W. 331, this court says:  "It is true that the possession of other stolen property by a defendant is competent evidence against him upon a trial for larceny, when it connects him with the transaction of which he stands accused, not as tending to prove another offense, but that one; but before such testimony is admissible it must be shown that the property in his possession was stolen property.  2 Bishop, Criminal Procedure, 750.  This fact must be shown by legal evidence."  Under the evidence in the case there was no proof whatever offered on the part of the government that the two calves claimed by Plummer were in the possession of the defendant or that the same was stolen property.  The proof shows only that Plummer claimed two calves found on the place occupied by defendant's mother, himself, and brothers, and that defendant had a preliminary examination before the United States commissioner's court, charged with their theft.  There is no record of the conviction, nor even that the defendant was held to the grand jury by the United States commissioner for the theft of Plummer's calves.

The second assignment of error by the defendant is that "the court erred in refusing to admonish the prosecuting

attorney to desist from arguing to the jury that a civil suit should have been brought by the defendant to recover the calf by the defendant or his mother that was taken from him, and with which defendant is charged with stealing, and in refusing to instruct the jury in that connection that a judgment in a civil suit could not be used in this prosecution." From the testimony in the action the mother of the defendant claimed to own the calf defendant is charged with stealing, and that the same was dropped on the place she and her sons were holding together from a cow owned by her. Defendant, nor his mother, nor any other witness ever claimed that defendant owred the calf he is charged with stealing, nor even claimed to have the same in his possession. In the argument of the United States attorney "he stated to the jury that the defendant should have brought a civil suit against the prosecuting witress to have recovered the calf in controversy, and that, if he had brought such suit, he could have had the issue submitted to a jury, and the verdict of the jury would have been conclusive of the right as to the calf." As the defendant did not claim this calf, he could not have established proof of ownership or right of immediate possession thereto. Upon the objection of the defendant to the use of such argument by the prosecuting attorney the court should have admonished the jury that such contention on the part of the United States attorney was without validity, and in the first instance should have sustained the objection of the defendant to the introduction of any testimony thereon. It was the duty of the prosecution to establish by evidence beyond a reasonable doubt the guilt of defendant of the larceny of the calf in controversy. The burden was not upon the defendant to first establish his ownership to the article he is charged with stealing by a civil action in order to defend in a criminal prosecution, and for the court to permit such argument by the prosecuting attorney must be held to be prejudicial error.

The third assignment of error is that "the court erred in overruling the defendant's motion in arrest of judgment." Section 2302, Mansf. Dig.( Ind. Ter. Ann. St. 1899, § 1645), provides: "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." The motion in arrest of judgment interposed by defendant is "for the reason that at the time of the trial and verdict of this case there was pending and undisposed of a former indictment, in which defendant was charged with the identical offense with which he is charged in this case," and, second, that the indictment in this action does not charge facts sufficient in law on which to base a judgment. The first ground in the motion does not come within the statute above quoted, and therefore will not be considered. An examination of the indictment upon the second ground, in the opinion of the court, shows the indictment to state sufficient facts to constitute public offense within the jurisdiction of the court trying the case.

The fourth assignment of error is that "the court erred in overruling the defendant's motion for a new trial."

The fifth assignment is as follows: "The court erred in passing sentence upon the defendant after the judgment had been suspended and a term of court had intervened between the order, making suspension, and the term at which judgment was rendered; the court being without jurisdiction to impose sentence." There is no merit in this assignment, in view of the decision in Thurman vs State, 54 Ark: 120, 15 S. W. 84, and cases cited.

The sixth specification of error is as follows: "The court erred in imposing upon the defendant cruel and unusual

§ 1628 (Ind. Ter. Ann. St. 1899, § 971) provides: "Every person who shall steal any kind of cattle shall be guilty of a felony, and upon conviction thereof be imprisoned at hard labor in the penitentiary for any time not less than one (1) year nor more than five (5) years." Upon this assignment of error we must hold that the punishment named in the sentence conforms to the statute, and is not cruel and unusual punishment. punishment." The sentence of the court was for two years in the penitentiary at hard labor. The statute (Mansf. Dig.

The seventh assignment is that "the court erred in passing judgment and sentencing defendant, for the reason that indictment and record in the cause were insufficient." In the opinion of this court there was prejudicial error in permitting evidence to go to the jury with reference to the calves belonging to Plummer, found on the Clampitt place, without proof that such Plummer's calves had been stolen. There was further prejudicial error on the part of the court in not admonishing the United States attorney, and taking from the jury his references to there being necessity on the part of the defendant to institute a civil suit to recover the calf in controversy in order to establish his title thereto, and the court upon defendant's motion for new trial should have ordered a new trial in the cause.

There being error in the record, the cause is reversed and remanded.

TOWNSEND, J., concurs. RAYMOND, C. J., not participating.