## VAUGHN v. UNITED STATES. *

### (Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

### No. 3621.

1. **Larceny ⊕⇒56—Elements of corpus delicti stated.**

 In a case of larceny, the corpus delicti consists of two elements: First, that the property was lost by the owner; and, second, that it was lost by a felonious taking.

2. **Railroads ⊕⇒5½, New, vol. 6A Key-No. Series—Offense under Federal Control Act proved.**

 On a trial on an indictment under Federal Control Act March 21, 1918, § 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾k), for interfering with and impeding the United States in the possession of railroad tools and material, evidence to establish the corpus delicti, and to show that the tools and material described were owned or used by the government or the railroad, *held* sufficient to support a conviction.

3. **Criminal law ⊕⇒369 (2), 370, 371 (1)—Evidence of finding of property stolen from others about the same time held admissible.**

 On a trial for interfering with and impeding the United States in the possession of railroad tools and material found in the basement of defendant's residence, evidence that other articles, shown with reasonable certainty to have been stolen from employés of the railroad company about the time that the property charged in the indictment was taken, were also found, was admissible to prove guilty knowledge or intent, or as one of the circumstances of the finding, though it was not shown that they were stolen at the same time.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

James F. Vaughn was convicted of interfering with and impeding the United States in the possession and use of certain property, and he brings error. Affirmed.

Wm. P. Lord and Frank C. Hanley, both of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and Hall S. Lusk, Asst. U. S. Atty., both of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged him under section 11 of the Act of March 21, 1918, known as the Federal Control Act (40 Stat. 457 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾k]), with willfully interfering with and impeding the United States in the possession and use of certain railroad property, consisting of certain described tools and material, the title to which had been vested in the United States by virtue of its assumption of the control of the Oregon-Washington Railroad & Navigation Company and Southern Pacific Company, which tools and material it was charged the plaintiff in error knowingly had and retained in his possession, without any right or title thereto, and without the consent of the United States, and that said

property was part of the property used in the operation of said railroad system.

[1, 2] The defendant contends that there was insufficient evidence of the corpus delicti. There was no motion at the conclusion of the evidence for a directed verdict of acquittal, and there is no assignment which brings under review the insufficiency of the evidence to show the corpus delicti. Nevertheless we have examined the evidence, and we find that the objection is not well taken. The corpus delicti in a case of larceny consists of two elements: First, that the property was lost by the owner; and, second, that it was lost by a felonious taking. The evidence showed that the plaintiff in error was a switchman for the Southern Pacific Company working in the Brooklyn yards at Portland, Or. It was shown by the evidence of the general foreman of the store department at the yards that there had been a standing shortage of journal bearings. Another witness testified that the railroad had had many complaints on account of articles missing from the Brooklyn· yards and the caboose stores, etc., and that boxes in which journal brasses were kept had been broken into and the journals stolen. There was testimony that on February 21, 1919, a special agent of the United States Railroad Administration, accompanied by detectives, searched the defendant's residence and found in the basement thereof a sack of journal bearing brasses broken into small pieces, marked with the · initials "O. W. R. & N." and "So. Pac. Co."; also four large pieces of babbitt metal, paint brushes which had been filed or rasped around the initials "S. P. Co.," so that the initials were scarcely legible, and one cold chisel with "S. P. Co." stamped on it, one hammer with the initials· "S. P. Co.," and other articles marked "S. P." Another witness identified certain keys and locks and journal brasses found in the basement of the defendant's house as property of the Southern Pacific Company, and testified that he found in the pocket of defendant's trousers section house keys. There was evidence that the defendant had been seen carrying bundles away from the yards, and had been seen taking away plumbing material. This evidence was sufficient to establish the corpus delicti. The foregoing considerations also answer the contention that there was complete failure of proof that either the railroad or the government ever owned or used the property described in the indictment.

[3] It is contended that to receive testimony of other independent thefts was inadmissible, and was prejudicial error. The evidence as to other independent thefts consisted of testimony that, aside from the property of the railroad company, there was found in the basement of the defendant's house other articles, some of which were shown with reasonable certainty to have been stolen from other employees of the company. One of these articles was a pair of rubber boots taken on February 13, 1919. Another was a heavy woolen shirt taken at about the same time. The defendant cites authorities such as Boyd v. United States, 142 U. S. 450, 12 Sup. Ct. 292, 35 L. Ed. 1077, and Williams v. United States, 168 U. S. 396, 18 Sup. Ct. 92, 42 L. Ed. 509, to the proposition that, on the trial of a person charged with an offense, evidence to prove that he had committed another distinct offense is incompetent and generally prejudicial. The offense with which the defendant was

charged was in its essence larceny. The statute prescribes as one of its elements that the accused "shall knowingly interfere with or impede the possession," etc. It is well established that in larceny cases possession may be shown of stolen goods other than those which the defendant is accused of stealing, even though the other goods belong to another owner. It is admitted as relevant to prove guilty knowledge and intent, or, as held in some cases, it is admissible as one of the circumstances of finding the property. State v. Schaffer, 70 Iowa, 371, 30 N. W. 639.

Some of the cases hold that such evidence is not admissible without proof that the other goods were stolen at the same time that the goods charged in the indictment were stolen. But that rule seems to us highly technical and without sound reason for its support. Other cases hold that it is sufficient if the other goods were taken at or near the time of the commission of the larceny charged. The larcenies of the goods of the railroad company and of the goods of fellow workmen formed parts of a series of transactions. It is impossible to know the precise date when the property of the railroad company was taken. The evidence indicates, however, that it was taken at some time near the time when the goods of the defendant's fellow workmen were taken. All were found in the defendant's possession at the same time, and we do not think the defendant's rights were prejudiced by the admission of the testimony to which the objection was made. Johnson v. State, 148 Ind. 522, 47 N. E. 926; Martin v. State, 10 Ga. App. 795, 74 S. E. 304; Watters v. State (Tex. Civ. App.) 94 S. W. 1038; Clampitt v. United States, 6 Ind. T. 92, 89 S. W. 666, 10 Ann. Cas. 1087; Commonwealth v. Riggs, 14 Gray (Mass.) 376, 77 Am. Dec. 333.

The judgment is affirmed.