# MASON *v.* STATE OF INDIANA.

[No. 30,219. Filed July 8, 1963.]

*Arthur S. Wilson,* of Princeton, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged with the crime of grand larceny, of which charge he was found guilty.

Appellant divides his argument into three major sections:

(1) That the court erred in overruling the motion to quash the affidavit and in overruling the motion to arrest the judgment.

(2) The court erred in admitting state's Exhibits 2 and 3, which was the money taken from a car owned and operated by one Carter, in which car Mason was riding, and money taken from the persons of Carter and Mason at the time of their arrest.

(3) That the evidence was insufficient to identify the appellant as one of the persons who had committed the crime.

We will consider the above issues in the order presented:

*One:* In support of the motion to quash the affidavit and to arrest judgment, appellant asserts that the affidavit was defective because of uncertainty and, therefore, subject to a motion to quash, and, further, that it wholly failed to state any public offense, and, therefore, it was subject to a motion to arrest the judgment. Both motions are grounded on the fact that although the affidavit alleged that the amount taken was $1,975.00 in "lawful currency of the United States of America," it is contended that the affidavit must allege that the amount taken was in "money." Appellant's contention is not well taken for two reasons: (1) The term "lawful cur-

rency of the United States of America" is more specific than the term "money," and, therefore, was sufficient to inform the defendant as to the charge against him and to constitute a valid charge under the statute. Furthermore, neither of the above asserted errors was included in appellant's motion for new trial, as a ground therefor, as required by Rule 2-6 of this court. Therefore, the overruling of the motion to quash and arrest judgment was not properly asserted as cause for appeal.

*Two*: Appellant's contentions 2 and 3 involved a consideration of the evidence and, therefore, we here recite the evidence most favorable to the state.

Lawrence Dipple was a part owner and manager of the Shop-Ezy Market, Inc., at Princeton, Indiana. On the night of August 18, 1961, at about 11:30 he checked out the store and left for his home. He took with him the day's receipts, consisting of an undetermined amount in checks, and $1,975.00 in paper currency, consisting of sixty $20 bills, fifty $10 bills, forty $5 bills and seventy-five $1 bills. These he put in a leather pouch, which pouch in turn he put in a bag of groceries which he was taking home, and for that purpose put them on the floor of his car in front of the back seat. A few minutes later he parked his car in downtown Princeton, where he visited a tavern, leaving the groceries and the money in his car which he had locked.

Mason, who had been employed by Dipple ever since he bought the store in 1960, as a cleanup and stock man, was the only negro employed in the store. He knew of Dipple's practice of taking the receipts from the store home with him at night. About 11:35 two teen age boys observed two colored men approach Dipple's car with a crowbar. One was taller than the

other and wore a light colored cap. The men stopped on the opposite side of the car near the sidewalk. The boys heard glass breaking. The taller of the two men, who was wearing a light colored cap, stuck his hand into the car and then crawled inside. Very shortly thereafter they left the car, "kind of trotting" down the street where they went into a parking lot. When Dipple returned to the car at about 2:20 A.M., it had been broken into and the money taken.

A check was made by police at Mason's home, but he was not there. At 2:45 he was in a restaurant with Carter. There he had in his possession a large amount of cash, in $20, $10, $5 and $1.00 bills, substantially in excess of $350.00, of which he "loaned" Carter $100.

At about 3:30 A.M. police stopped a car, owned and driven by Clifton Carter, in which Mason was riding. The sack of groceries belonging to Dipple was found between Carter and Mason on the front seat. A crowbar was under the front seat, covered by a piece of cloth. In the trunk of the car the police found two bundles of bills hidden, wrapped in handkerchiefs, one containing $827.00 and the other $1,083.00. Mason had $26.59 on his person, and Carter had $32.07, making a total of $1,968.66, which was only $6.34 less than the amount stolen. Neither Mason nor Carter then had handkerchiefs on their persons.

The money found in the car on the persons of Carter and Mason coincided exactly in amount and with the number of bills of each denomination, the only change being that which would have resulted from the breaking of two $20 bills and the expenditure of $6.34. Carter was also a colored man. Mason was taller than

Carter. At the time the men were apprehended, Mason was wearing a light colored cap.

That night at the police station, appellant, when asked by Dipple about the stolen money and the checks, stated that he "could straighten the whole thing out tonight if you would see that I could get to walk out that [jail] door."

The reasonable inference to be drawn from this statement is that appellant had, within his knowledge and power, the ability to establish the ownership of the money which had been stolen and was in the possession of the police, and that by doing so, Dipple would recover his money. There is also an inference that for the same reason Dipple could recoup the stolen checks which had not been recovered. Thus, the statement was significant as related to both the identification of the money and the identification of the appellant, as a participant in the larceny.

Furthermore, although there is an apparent conflict in the evidence, which raises some doubt as to the time and manner in which appellant and Carter came into the possession of the sack of groceries which Dipple had placed in his car, the inference most favorable to the state is, that they were stolen by Mason and Carter. Where the identity of property described in the indictment for larceny is in issue, in identifying the property the court and jury are entitled to consider the like character of the property, and the fact that the defendant, at the time of his arrest, had in his possession other stolen property which was part of the corpus delicti. See: *Johnson* v. *The State* (1897), 148 Ind. 522, 47 N. E. 926.

We conclude, therefore, that the evidence in this case, although circumstantial, was sufficient to create a

strong inference that the money in the possession of Mason and Carter was, in fact, the money stolen from Dipple's automobile. Thus, the evidence was sufficient to warrant the admission of exhibits 2 and 3 into evidence. The weight to be given this evidence was for the jury to determine.

*Three*: With regard to the sufficiency of the evidence to identify the appellant as one of the persons who committed the larceny, the law has been stated as follows:

"It is not essential, in order to sustain the conviction of appellant, that he should have been identified at the trial, by positive or direct evidence, as to the guilty person. It was sufficient if his identification as such person was established by circumstantial evidence which satisfied the jury upon that question beyond a reasonable doubt." *Craig* v. *State* (1908), 171 Ind. 317, 323, 86 N. E. 397.

In this case, the web of circumstances which implicate appellant is so strong that we are not able to say that no reasonable person could have believed beyond a reasonable doubt that appellant had committed the offense.

Judgment is, therefore, affirmed.

Myers, C. J., Arterburn & Landis, JJ., concur; Jackson, J., dissents [without opinion].

NOTE.—Reported in 191 N. E. 2d 705.