Wilma CAUDLE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–180–A–28.

Court of Appeals of Indiana, First District.

May 15, 1980.

Richard J. Thonert, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Wilma Caudle (Caudle) was found guilty in a bench trial of check deception.[1] Her appeal is on two grounds. First, Caudle claims error because her motion for directed verdict was not granted. The second issue on appeal is the constitutionality of the check deception statute, in particular the *prima facie* or presumption provisions of the statute.

We reverse.

■ We need discuss only whether the motion for a directed verdict should have been granted by the trial court. A directed verdict should be granted only where there is a *total* lack of evidence on some essential issue or where there is *no* conflict in the evidence, that is, where the evidence is susceptible to only one inference which is in favor of the accused. *France v. State*, (1979) Ind.App., 387 N.E.2d 66, 69.

■ Caudle contends, and we agree, that the State failed to present *any* evidence identifying her as the person who committed check deception. At the outset, we note that identification can be established by circumstantial evidence alone if, of course, the evidence meets the burden of proof required. *See Mason v. State*, (1963) 244 Ind. 206, 191 N.E.2d 705.

The State attempted to prove its case essentially through the use of the *prima facie* provisions of the check deception statute. *See* IC 35–43–5–5(b), (c) and (d). The owner of the store that was the payee of the check in question testified that he had no recollection of the transaction; but that the check was presented as payment in the ordinary course of business. The check, which was returned marked "insufficient funds," was put in the record as an exhibit. The check contained the printed name, Wilma Caudle, printed residence and a social security number written across the top of the check. The owner of the store testified that the store's general procedure was to require the social security number of the person writing the check.

The only other witness to testify was an employee of the drawee/payor bank. The signature card for the account of Wilma Caudle was put into the record. The card showed the same social security number as the check. Wilma Caudle's bank records were also admitted into the record. The bank records showed insufficient funds in the account for the period in question. The bank employee made no identification of the defendant as the Wilma Caudle who had the bank account. The State rested at this point and Caudle made the directed verdict motion. The defense rested without presenting any evidence.

The State contends that the check deception provision for identification is operative here to make a *prima facie* case for the State. The *prima facie* identity rule in the

---

1. The statute reads in relevant part:

    (a) A person who knowingly or intentionally issues or delivers a check, draft, or order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception, a Class A misdemeanor.

    (b) An unpaid and dishonored check, draft, or order that has the drawee's refusal to pay and reason therefor printed, stamped, or written on or attached to it constitutes prima facie evidence:

    (1) that due presentment of it was made to the drawee for payment and dishonor thereof; and

    (2) that it properly was dishonored for the reason stated.

    (c) The fact that a person issued or delivered a check, draft, or order, payment of which was refused by the drawee, constitutes prima facie evidence that the person knew that it would not be paid or honored. In addition, evidence that a person had insufficient funds in or no account with a drawee credit institution constitutes prima facie evidence that he knew that the check, draft, or order would not be paid or honored.

    (d) The following two (2) items constitute prima facie evidence of the identity of the maker of a check, draft, or order if at the time of its acceptance they are obtained and recorded, either on the check, draft, or order itself or on file, by the payee:

    (1) Name and residence, business, or mailing address of the maker.

    (2) Motor vehicle operator's license number, social security number, home telephone number, or place of employment of the maker.

    Ind.Code 35–43–5–5.

statute was no doubt enacted to prevent the need for expert witnesses to compare handwriting samples and signatures. The *prima facie* rule merely creates a presumption that the maker of the check is the person identified on the check. However, the *prima facie* rule does not obliterate the need to prove that the defendant is the person identified on the check. There was no identification of the defendant either directly or circumstantially in this case. The prosecution did not take the step of proving that the name of the defendant was Wilma Caudle, which would have been as simple, for example, as introducing the bail bond application with the defendant's signature on it or introducing jail records. Also, no attempt was made at all to show that the defendant was the Wilma Caudle who had the checking account in question; which could have been done through an employer or welfare worker who would have access to the defendant's social security number or perhaps a neighbor who knew the defendant by name and the defendant's address or phone number.

The prosecution did prove a *corpus delecti*; check deception was committed by one Wilma Caudle. But no linkup to the accused was made. We are struck by the fact that, in proving that the crime was committed, it made no difference who was behind the defense table—the case would have been presented exactly the same.[2]

We note the case of *Smith v. State*, (1962) 243 Ind. 74, 181 N.E.2d 520, in which the State introduced certified copies of judgment and commitments containing a name which was the same or similar to that of the defendant without any supporting evidence in order to prove two unrelated previous felonies for a habitual offender charge. The Indiana Supreme Court stated that the documentary evidence alone was not enough to prove identity. The rule of this case has been consistently followed in Indiana for habitual offender charges. *Jones v. State*, (1977) Ind., 369 N.E.2d 418; *Estep v.*

*State*, (1979) Ind., 394 N.E.2d 111. The case before us is even stronger, as the name of the defendant was not even in evidence.

Because of our decision, we need not discuss the constitutionality of the *prima facie* rules in the statute. However, we note that *Huffman v. State*, (1933) 205 Ind. 75, 185 N.E. 131 has decided the issue in favor of constitutionality of the *prima facie* rule of knowledge.

The judgment is reversed.

NEAL and RATLIFF, JJ., concur.

---

2. The State claims that the arrest warrant apparently served on one Wilma Caudle is evidence at trial that the defendant is named Wilma Caudle and is the same Wilma Caudle who

had the checking account in question. However, even the arrest warrant was not introduced as evidence at trial.