STATE of Indiana, Plaintiff-Appellee,

v.

Debbie MARTIN, Defendant-Appellant.

No. 3–281A35.

Court of Appeals of Indiana,
Third District.

June 30, 1981.

Rehearing Denied August 14, 1981.

Richard J. Thonert, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

Debbie Martin was found guilty in a bench trial of check deception, a class A misdemeanor.[1] She was fined $75 plus court costs and ordered to make restitution.

On appeal, Martin raises the sole issue of whether, as a matter of law, her conviction was supported by sufficient evidence. We reverse.

When it is alleged there was insufficient evidence to support a conviction, we do not reweigh the evidence or judge the credibility of witnesses. We may only consider that evidence most favorable to the State and all reasonable inferences drawn therefrom. We will not disturb the verdict if there is substantial evidence of probative value to support each element of the offense. *Hall v. State* (1980), Ind., 405 N.E.2d 530, 535.

The evidence most favorable to the State is as follows: On July 11, 1979, Sharon Bodenheimer worked at the service desk of the Mr. Wiggs store on the west side of Fort Wayne, Indiana. She accepted a check no. 213 written on the account of a Debbie Martin at the Anthony Wayne Bank after requiring two pieces of identification, place of employment, and birth date from the person who delivered the check. She wrote this information on the back of the check along with the social security number that appeared on the identification. She testified that she could not identify the person who had delivered the check to her at Mr. Wiggs.

Ruth Magdich testified that she is a loss prevention clerk at the same Mr. Wiggs store. She testified that she received check no. 213 on the account of a Debbie Martin from the bank due to insufficient funds in the account to cover the check. She testified she called the bank several times to ascertain if sufficient funds were in the account for the check to clear. There were not. She was unable to contact Debbie Martin by letter or phone.

On appeal, Martin argues that the above evidence does not (1) identify her:

"as one and the same person who

"2. knowingly or intentionally

"3. issued or delivered to Mr. Wiggs

"4. a certain check being No. 213 drawn on Anthony Wayne Bank for the payment of merchandise

"5. knowing that said check would not be paid or honored by Anthony Wayne Bank."

We agree.

Our legislature has stated the following:

"(c) The fact that a person issued or delivered a check, draft, or order, payment of which was refused by the drawee, constitutes prima facie evidence that the person knew that it would not be paid or honored. In addition, evidence that a person had insufficient funds in or no account with a drawee credit institution constitutes prima facie evidence that he knew that the check, draft, or order would not be paid or honored.

"(d) The following two [2] items constitute prima facie evidence of the identity of the maker of a check, draft, or order if at the time of its acceptance they are obtained and recorded, either on the check, draft, or order itself or on file, by the payee:

"(1) Name and residence, business, or mailing address of the maker.

"(2) Motor vehicle operator's license number, social security number, home telephone number, or place of employment of the maker."

IC 35–43–5–5.

Our Supreme Court has defined "prima facie" as follows:

"Prima facie means such evidence as is sufficient to establish a given fact and which will remain sufficient if uncontradicted."

*Johnson v. State* (1972), 258 Ind. 648, 283 N.E.2d 532, 534. The evidence therefore establishes that a Debbie Martin knowingly or intentionally issued or delivered a check on a credit institution for the payment of property knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business; however, the evidence does not establish that the Debbie Martin in the courtroom was the Debbie Martin who made or delivered the check. The State is required to link Debbie Martin, the defendant-appellant, to the making or delivery of the check. *Caudle v. State* (1980), Ind.App., 404 N.E.2d

57, 59. The State failed to prove that the correct Debbie Martin was tried and convicted.[2]

Judgment reversed.

GARRARD, J., concurs with opinion.

HOFFMAN, P. J., dissents with opinion.

GARRARD, Judge, concurring.

I agree that the conviction must be reversed. The *entire* testimony of the officer purporting to link the defendant with the offense was as follows:

(Direct Examination)

"Q. What is your name, please?
A. My name is Kevin Rarey, Police Officer, City of Fort Wayne.
Q. Officer Rarey, do you know a person by the name of Debbie Martin?
A. I do.
Q. Can you identify her for us, sir?
A. Yes, Sir, she is the lady sitting at the defense table with the black leather jacket and long, brown hair.
Q. That's all."

(Cross Examination)

"Q. Officer Rarey, are you familiar with the financial transactions with Debbie Martin, the person you have identified.
A. No, Sir.
Q. Do you know where she banks or where she's ever banked during the year 1979?
A. I would have no idea, Sir."

No attempt was made to establish that the defendant was the person who had an account with Anthony Wayne Bank, or who lived at the address printed on the check, or who worked for a "Debbe Garbacz" or "Cocone Petti,"[1] or who held Social Security number "317703729."

2. The State argued the instant case is distinguishable on its facts from *Caudle* because the defendant in this case was identified in court as Debbie Martin. *Caudle* requires more than just identifying the defendant and noting that the defendant's name is the same as the name on the checking account.

I agree with Judge Staton that despite Officer Rarey's testimony the conviction was subject to the same infirmity as that in *Caudle v. State* (1980), Ind.App., 404 N.E.2d 57. Were the statute, IC 35–43–5–5, to be interpreted otherwise it would cast upon any defendant the burden of proving his innocence whenever any maker of a fraudulent check gave the information referred to in paragraph (d) of the statute.

I concur.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent.

The majority opinion clearly frustrates the purpose of IC 1971, 35–43–5–5. That statute clearly states that if the name and residence of the maker and the social security number are obtained and recorded at the time of acceptance of the check such is prima facie evidence of the identity of the maker. The above steps were performed at the time of the acceptance of the check. The name given was Debbie Martin. Although Sharon Bodenheimer could not identify the defendant as Debbie Martin, a Fort Wayne police officer did identify the defendant as Debbie Martin.

The majority cites *Caudle v. State* (1980), Ind.App., 404 N.E.2d 57 in support of their position. However, in that case "[t]he prosecution did not take the step of proving that the name of the defendant was Wilma Caudle." In the case before us the State did the required step.

The State proved every element as required by the statute and by *Caudle v. State, supra.* Any other interpretation would make the statute meaningless. It would clearly be contrary to the purpose and intent of the Legislature which adopted such statute.

The judgment should be affirmed.

1. These names were written on the reverse side of the check. The testimony concerning them came from the clerk who had accepted the check but acknowledged that she could not identify the person who had given it to her:

"Then on her place of employment I guess it is from some lady named Debbie Garbacz and some Petite place, I guess is what it was."