## LENCIONIA *v.* STATE OF INDIANA.

[No. 25,575.   Filed December 11, 1928.   Rehearing denied February 19, 1929.]

*James H. McNeff*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *U. S. Lesh*, for the State.

MARTIN, C. J.—Appellant was prosecuted upon an affidavit in three counts, the first count charging unlawful possession of intoxicating liquor; the second, unlawful selling; and the third, maintaining a nuisance, under §§1, 24, ch. 48, Acts 1925, §§2717, 2740 Burns 1926. He was tried by the court, which found him guilty as

charged, but rendered judgment only on the offenses charged in counts one and two.

The only error assigned is the overruling of appellant's motion for a new trial, in which he alleges that the finding is not sustained by sufficient evidence. Under this assignment appellant contends: (1) That the venue of the action was not proved; (2) that there was no evidence to sustain the charge made in count three, and that therefore a general finding was bad and was not cured by a judgment on counts 1 and 2 only; and (3) that the affidavit was not sworn to before a person authorized to administer oaths.

A deputy sheriff testified that he arrested appellant December 5, 1927, at Black Oak, Lake County, Indiana, and, pursuant to a search warrant, searched his dwelling house, with an annexed room where soft drinks, tobacco and candy were sold, and found four gallons of wine in the house and one gallon of moonshine (whisky) in the garage thirty feet away; and that, after making the search, but before leaving the premises, appellant came there and said he was staying there and that appellant's family was at that time living in the house. That appellant's house is known as "Black Oak Springs," that the Black Oak Spring is in that yard and they sell water there. Another witness testified that on December 3, 1927, in Black Oak, Black Oak Springs, he bought a pint of wine for fifty cents from appellant. This evidence is sufficient to show the venue of the offenses charged to have been in Lake County, Indiana.

A discussion of the question whether there is sufficient evidence to sustain a finding of guilty on the third count of the affidavit which charged the maintenance of a nuisance is unnecessary. The court disregarded this finding in pronouncing its judgment

on the findings made on the first and second counts, and there is no judgment based on the third count. Where there is a general finding against a defendant on two counts, one of which is sustained by the evidence and the other is not so sustained, a judgment not specifying upon which count it is based will be presumed to be based on the count which is sustained by evidence, *Speybroeck* v. *State* (1927), *ante* 69, 155 N. E. 817, and where it specifically appears that the judgment was not rendered upon the count which appellant contends was not sustained by the evidence, it is apparent that he has not been harmed by the ruling complained of.

The remaining question, "(3)" above, is not properly presented under the assignment herein and does not appear to have been passed on by the trial court. But, even if properly presented, there is no error, for the signature of the jurat "Thea D. Vance, Deputy Prosecuting Attorney" is sufficient. The statute, §11834 Burns 1926, provides that: "all prosecuting attorneys and their deputies are hereby authorized and empowered to administer all oaths that may be found convenient and necessary to be administered in the discharge of their official duties," and we have recently held that such a signature is sufficient as an indorsement of the approval of the prosecuting attorney as required by statute. *Hamer* v. *State* (1928), *ante* 403, 163 N. E. 91.

Judgment affirmed.