# HOLLER *v.* STATE OF INDIANA

[No. 27,611.    Filed December 29, 1941.]

Crawford A. Peters, of Aurora, for appellant.

George N. Beamer, Attorney General, Norman E. Duke and Robert E. Agnew, Deputies Attorney General, for the State.

FANSLER, J.—The appellant was convicted of receiving stolen goods.

He assigns error upon the overruling of his motion in arrest of judgment and the overruling of his motion for a new trial.

The motion in arrest of judgment was filed after judgment. It is well settled that no question is presented by a motion in arrest of judgment filed after the judgment is entered. Stapert v. State (1924), 195 Ind. 338, 143 N. E. 587; Patton v. State (1923), 192 Ind. 632, 135 N. E. 795.

Several causes for a new trial are included in the motion and presented by the brief.

Witnesses were permitted to identify a brass plate which they said was of the same kind and character as eleven brass plates which were stolen. One of the witnesses testified that he had taken eleven similar plates to the appellant's place of business and there sold them. An employee of the appellant said that eleven such plates were delivered and paid for, and that the appellant told him to hide them. The plates

alleged to have been stolen seemed not to have been available. In such a case it would have been perfectly proper for witnesses to describe the plates, and no reason is seen why a description of the plates could not be established by a sample plate. The appellant cites no authority which supports his contention that the identification of this plate was prejudicial to his rights, and we cannot see that his rights were prejudiced.

It is contended that there is not sufficient evidence to establish the venue of the cause. The case was tried in Dearborn County. There was testimony that the appellant's place of business was located in Aurora, and that he received the stolen goods at his place of business. This was sufficient under the authorities. *Lencionia* v. *State* (1929), 200 Ind. 528, 164 N. E. 271; *Christ* v. *State* (1921), 191 Ind. 56, 131 N. E. 820.

He complains because the evidence does not disclose that the stolen goods were of the value alleged in the affidavit. It is sufficient if a value is proved bringing the case within the statute. *Eicks* v. *State* (1933), 204 Ind. 417, 184 N. E. 407. He was charged with receiving brass and copper of the value of $400. Appellant complains that there was no evidence that he received stolen copper. It is not necessary that everything charged to have been received be proven. It is sufficient if some of the things charged are proven.

Appellant complains because none of the stolen property alleged to have been received was introduced in evidence. But this is not necessary.

The sufficiency of the evidence is questioned. There was evidence that certain brass plates and valves were

stolen; that plates and valves answering the description were taken to appellant's place of business, where they were received by appellant's employee and paid for by appellant, and that appellant told his employee to hide them or "put them in the clear"; that appellant had known the person from whom the brass was purchased since childhood, but that the ticket for the purchase was made out in a fictitious name. There was evidence of many other facts and circumstances tending to throw light upon the transaction, and it cannot be said that there was insufficient evidence to support the jury's conclusion that the defendant was guilty as charged.

Judgment affirmed.

NOTE.—Reported in 38 N. E. (2d) 242.