DOUGLAS *v.* STATE OF INDIANA.

[No. 29,172. Filed December 13, 1955.]

622

*Wiley E. Hosier,* of Terre Haute, for appellant.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment for the State entered on the refusal of appellant to amend his amended petition for a writ of error *coram nobis,* after the trial court had sustained a demurrer thereto for insufficient facts to state a cause of action. The assignment of error here in proper form, and alleges the court erred in sustaining the demurrer.

On June 29, 1946, the State filed an affidavit charging appellant with the rape of a female child under twelve years of age. The trial court appointed counsel for appellant to represent him as a pauper, and after

several continuances of the arraignment date, he pleaded not guilty. The cause was tried by a jury for two days, and on September 26, 1946, the jury returned a verdict that appellant was guilty of rape of a female child under twelve years of age as charged in the affidavit, upon which the court entered judgment sentencing appellant to the Indiana State Prison for life. No motion for new trial was ever filed, and no appeal taken to this court.

The original petition for the writ of error *coram nobis* was filed April 17, 1953, and the amended petition was filed November 23, 1953. It is not necessary to set forth the amended petition in its entirety, but in substance it alleges the following:

On June 27, 1946, appellant was in open court, and informed the court he could not employ counsel, and the court then appointed N. George Nasser as his counsel. On September 9, 1946, Mr. Nasser withdrew his appearance as counsel, and the court thereupon appointed Frank R. Miller as his counsel. The plea was entered after conference with Mr. Miller. The same day the cause was set for trial October 14, 1946. Later, by agreement made in open court, the cause was set for trial September 26, 1946. (The amended petition is in error as to this date, and the order book entries show the trial was set for September 25th, and the trial began on this date.) The amended petition, hereafter referred to as the petition, contains sixteen (16) rhetorical paragraphs, hereafter referred to as paragraphs.

The sixth (6th) paragraph alleges that the setting "was too short a time to enable a busy counsel to properly prepare his defense and make all investigations necessary that might have been made to prepare a defense against a charge that carried life imprisonment upon conviction."

The next two paragraphs allege appellant had been drinking the day of the charged crime, and was too intoxicated to have any recollection or knowledge of the crime charged or the consequences of his acts, and that at the time of trial he did not know he could prove his intoxication by another witness.

The ninth (9th) and tenth (10th) paragraphs charge other sexual acts committed by the prosecutrix with another man on prior dates, and that her father used her as a decoy to obtain money from petitioner.

The next three paragraphs complain that no psychiatrist was appointed to examine the prosecutrix and to testify as to his findings. The sixteenth (16) paragraph follows the prayer of the petition, and states that "since his arrest and previous to his trial and since his incarceration in the Indiana State Prison at Michigan City, Indiana, he has used all due diligence and means at his command, and has made a sincere effort to obtain all facts, evidence and information, in so far as he was able, that would in any way enable him to procure his release from the severe penalty imposed. . . ."

On January 18, 1954, appellant filed affidavits of Claude Harris, the arresting officer, and John F. Liffick, in support of his amended petition. Assuming without deciding that such may be considered in determining the sufficiency of the amended petition, they do not cure the defects of the petition. The name of the affiant Harris was indorsed on the affidavit as a witness for the state, and neither the petition nor his affidavit show he was not a witness at the trial, or if he was not as to why he was not called by the appellant. The petition does not allege that appellant was denied his constitutional right to have a copy of the accusation against him, and the burden was on him to show why the testimony of the arresting officer as to his intoxicated condition

at the time of the arrest was not available to him. The affidavit of Liffick charges the delinquent conduct of the prosecutrix and the good conduct of the appellant, neither of which had any bearing on the amended petition.

Appellant does not charge that this trial counsel was incompetent or that his representation was merely casual or *pro forma*. The prima facie presumption is that the judgment was obtained by due course of law. *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264. The allegations that time was too short to adequately prepare for trial are but the conclusions of the pleader and are not thereby admitted by the demurrer. It is to be noted that there is no contention made that his eminent trial counsel considered the time too short. His allegations as to "due diligence" add nothing to the petition. Nor do the statements concerning no psychiatric examination present any cause for the writ. There is no allegation that the appellant was convicted on the uncorroborated testimony of the prosecutrix within the rule of *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892. The fact that the prosecutrix may have been a delinquent child would not be a defense to the action. Delinquent or not, she was incapable of consenting to intercourse. *Mann* v. *State* (1933), 205 Ind. 491, 496, 186 N. E. 283, 187 N. E. 343; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593.

Judgment affirmed.

Landis, Achor and Arterburn, JJ., concur.

Bobbitt, C. J., concurs in the result.

NOTE.—Reported in 130 N. E. 2d 465.