BARNETT, ALIAS BAKER *v*. STATE OF INDIANA.

[No. 29,675. Filed October 14, 1959. Rehearing denied November 30, 1959.]

*Dulberger & Heeter* and *John M. Heeter*, both of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, *John A. Pushor* and *Stanley B. Miller*, Deputy Attorneys General, for appellee.

ARTERBURN, J.—This is a criminal action by the State of Indiana, appealed by the defendant, in which the defendant, following a jury trial, was found guilty of the crime of inflicting physical injury while in the commission of a robbery and sentenced accordingly.

The only alleged error presented for our consideration results from the cross-examination of the defendant while on the stand. He was asked by the State upon cross-examination whether or not he had been previously convicted of a crime, to which he answered yes. Thereupon the State asked him to state the nature of the crime and the date of conviction, to which the defendant objected, claiming that this was highly prejudicial and was not competent or proper cross-

examination, since the matter had not been gone into upon the examination in chief.

To support this objection, the appellant on appeal, cites only one case: *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 118.

Upon examination of this case we find that it holds contrary to the contentions of the appellant. In that case on cross-examination the defendant was asked the nature and also the date of his conviction. The court held the question was proper. However, this court held the trial court erred in later instructing the jury that such evidence could be considered in determining the defendant's guilt instead of limiting its consideration to that affecting defendant's credibility.

This court said (p. 245):

"It has been held that any fact tending to impair the credibility of the witness by showing his interest, bias, ignorance, motives, or that he is depraved in character, may be shown in cross-examination, but the extent to which such cross-examination may be carried is within the sound discretion of the court."

The defendant, in becoming a witness, subjects himself to the same treatment as any other witness and is subject to cross-examination to the same extent as any other witness concerning any facts and details that affect his credibility. *Alder* v. *State* (1958), 239 Ind. 68, 154 N. E. 2d 716; *Fritch* v. *State* (1927), 199 Ind. 89, 155 N. E. 257; *Keyes* v. *The State* (1889), 122 Ind. 527, 23 N. E. 1097; *Tosser* v. *State* (1928), 200 Ind. 156, 162 N. E. 49.

The trial court committed no error.

Judgment affirmed.

Achor, C. J., Bobbitt and Landis, JJ., concur. Jackson, J., dissents.

NOTE.—Reported in 161 N. E. 2d 444.