HATFIELD; WEST *v.* STATE OF INDIANA.

[No. 29,915. Filed January 19, 1961.]

*John G. Bunner, Rice & Van Stone* and *Theodore Lockyear, Jr.,* all of Evansville, for appellants.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

BOBBITT, C. J.—Appellants were charged with the crime of autmobile banditry under Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement, tried by jury, found guilty as charged and sentenced to the Indiana State Prison for terms of 12 and 15 years, respectively.

The determinative issue here presented is the trial court's refusal to give certain tendered instructions relating to lesser offenses allegedly included in the crime of automobile banditry.

Tendered Instruction No. 1 would have instructed the jury that the offense of second degree burglary[1] is included in the offense of automobile banditry.

Tendered Instruction No. 2 would have instructed the jury that the offense of entering a house to commit a felony[2] is included in the offense of automobile banditry.

Tendered Instruction No. 3 would have instructed the jury that the offense of third degree burglary[1] is included in the offense of automobile banditry as defined in §10-4710, *supra.*

The affidavit upon which appellants were tried and convicted, omitting formal parts, is as follows:

"DON MILLER being duly sworn upon his oath says that DONALD HATFIELD and MARTIN RAY WEST on or about the 4th day of JULY, A.D. 1959, at said County and State as affiant verily believes did then and there unlawfully, feloniously and burglariously, break and enter into the building and structure, owned and occupied by RAYMOND WOOD, doing business as the WEEPING WILLOW TAVERN, a sole proprietorship, then and there situate at 2112 S. Weinbach Avenue, City of Evansville, County of Vanderburgh, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: unlawfully and feloniously to take, steal and carry away the goods, chattels and personal property of the said RAYMOND WOOD, doing business as the WEEPING WILLOW TAVERN, a sole proprietorship, and the said DONALD HATFIELD AND MARTIN RAY WEST, at the said time and place and on and near the premises wherein said burglary was so committed by them, had (as amended) an automobile, to-wit: a motor vehicle and auto-

1. Acts 1941, ch. 148, §4, p. 447, being §10-701, Burns' 1956 Replacement.
2. Acts 1941, ch. 148, §5, p. 447, being §10-704, Burns' 1956 Replacement.

mobile by the use of which they escaped and intended and attempted to escape."

Appellants assert that since the principal crime charged in the affidavit was that of automobile banditry it was error for the court not to give their tendered instructions to the jury on included offenses. This then presents the question: Are Second and Third Degree Burglary and Entering a House to Commit a Felony included in the offense of automobile banditry?

In *Mahoney* v. *State* (1932), 203 Ind. 421, 180 N. E. 580; *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648; and *Witt* v. *State of Indiana* (1933), 205 Ind. 499, 185 N. E. 645, the court was guided by specific statutory limitations as expressed in §§5 and 6 of ch. 54 of the Acts of 1929. These sections were specifically repealed by ch. 85 of the Acts of 1935.

By the specific repeal of §§5 and 6, *supra*, the Legislature evidenced a clear intent to make the provisions of Acts 1905, ch. 169, §272, p. 584, being §9-1817, Burns' 1956 Replacement, applicable to all crimes defined in ch. 54 of the Acts of 1929. This section provides:

> "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit."

In the absence of any specific statutory provision to the contrary, we are here guided by the general statute pertaining to included offenses—§9-1817, *supra*.

The test for included offenses under §9-1817, *supra*, was reaffirmed in *Watford* v. *State* (1957), 237 Ind. 10, at page 15, 143 N. E. 2d 405, as follows:

> " '[T]o be necessarily included in the greater offense, the lesser offense must be such that it is

impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he can not be convicted of another crime of lesser magnitude under the provisions of Section 2148, *supra*, [§9-1817, Burns' 1956 Replacement], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses.' "

In *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878, the appellant contended that the offense of grand larceny was necessarily included in the offense of automobile banditry as defined in §10-4710, *supra*. In that case we recognized that other felonies, which were the basis for the charge of automobile banditry, could be considered as included offenses within the principal charge of automobile banditry when, at page 442 of 236 Ind., we said:

"Since . . . a person charged with automobile banditry embodying the charge of larceny could be found guilty of the lesser included offense of larceny, it necessarily follows that such person cannot properly be sentenced and have judgment rendered against him for more than the greater offense encompassed in the charge of automobile banditry, . . ."

It is clear from an examination of the applicable statutes that it would have been impossible for appellants to have been convicted of the offense of automobile banditry as defined in §10-4710, *supra*, and as charged in the affidavit herein, without first breaking and entering into a "building or structure other than a dwelling house" with the intent to commit a felony therein (second degree burglary), or entering a "busi-

ness-house" with the intent to commit a felony therein (entering to commit a felony).

Conviction of the crime here charged requires proof of all the essential elements of the lesser crime of second degree burglary or entering to commit a felony, plus the element of having at the time on or near the premises an automobile by the use of which appellants escaped, attempted to escape or intended to escape.

Under the requirements of the test above quoted and for the reasons above stated, it seems to follow inescapably that the offenses of second degree burglary and entering to commit a felony are included in the offense of automobile banditry as charged in the affidavit herein. Under such circumstances the appellants were entitled to have the jury instructed that they could be found guilty of either of the lesser offenses and the trial court erred in refusing to give appellants' tendered Instructions Nos. 1 and 2. *Sullivan* v. *State* (1957), 236 Ind. 446, 455, 139 N. E. 2d 893; *Watford* v. *State, supra* (1957), 237 Ind. 10, 16, 143 N. E. 2d 405.

Section 10-4710, *supra,* provides, *inter alia,*

"If any person or persons shall commit or attempt to commit a felony, . . ."

Since the offense of third degree burglary is not a felony but only a misdemeanor, and since the offense of automobile banditry requires the commission or attempted commission of a felony, the commission of the offense of third degree burglary could not be the basis for a charge of automobile banditry. Neither is the offense of third degree burglary an element of the offense of automobile banditry as defined in §10-4710, *supra,* and as charged in the affidavit herein, and it could not be included therein.

The trial court did not err in refusing to give appellants' tendered Instruction No. 3.

The judgment herein is reversed for the failure of the trial court to give appellants' tendered Instructions Nos. 1 and 2.

Judgment reversed with instructions to grant appellants' separate motions for a new trial.

Achor, Arterburn and Jackson, JJ., concur.

Landis, J., concurs in result.

NOTE.—Reported in 171 N. E. 2d 259.