MONROE *v.* STATE OF INDIANA.

[No. 29,896. Filed June 21, 1961.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of the trial court denying appellant's petition for a writ of error coram nobis.

Appellant attempted in the coram nobis proceedings below to set aside his conviction of burglary in the second degree which had been entered by the court on appellant's plea of guilty without advice of counsel. The court denied the amended petition for the writ and appellant appealed.

Appellant's contentions can be summarized as follows:

Appellant was a minor, sixteen years old, who upon arraignment, without a full understanding of

his constitutional rights was not given sufficient time to procure counsel nor proper instructions concerning his rights to be represented by counsel; that he did not understand his rights to a trial by jury and was not thoroughly apprised of such rights; that he did not have a sufficient understanding of the charge against him nor the consequences of his plea of guilty; that the trial occurred within an hour after arraignment, not giving appellant time to prepare a defense. Appellant claims that all the above contentions were incorporated in his verified petition for a writ of error coram nobis and must be taken as true because the State failed to contradict them by offering opposing evidence or affidavits.

Appellant was arraigned on September 30, 1959. At that arraignment there was considerable discourse between the appellant and the judge concerning whether or not appellant would be represented by counsel. At the conclusion of this hearing appellant definitely expressed a desire for counsel. Within an hour he was returned to the court where he changed his mind as to representation by counsel, and entered a plea of guilty to the charge of second degree burglary. The record shows no plea at the time of arraignment. It is further shown, and remains uncontradicted, that the only advice received by appellant was from a seventeen year old accomplice who recommended appellant might as well go and get the whole thing over with. A record that is kept in compliance with Rule 1-11 of this court shows that there was no counsel for appellant at arraignment, in fact there was no plea at arraignment nor waiver at the arraignment. Unless it can be said that appellant's conduct waives arraignment, there actually was no arraignment. Appellant was

merely taken back to jail for less than an hour, then returned to stand trial. The record of the arraignment reads as follows:

"The Court: Your name is Donald Monroe. Is that your full name?

"Defendant: Donald Nelson Monroe.

"The Court: Mr. Monroe, you stand before the court charged in an affidavit in the April Term of the court with the crime of Second Degree Burglary committed on or about the 30th day of August, 1959. You have been brought before this court for the purpose of arraignment, that is, the affidavit or the indictment, which is the affidavit in this case, alleging the charge will be read to you after which you will be asked how you wish to plead, guilty or not guilty. I must ask you a few questions before reading the affidavit. Have you an attorney in this case?

"Defendant: No, sir, I don't.

"The Court: Do you have the money or means to procure an attorney?

"Defendant: I don't know. My Mom said something about getting an attorney and then I told her I didn't think I would need one.

"The Court: You did want one?

"Defendant: I didn't think so.

"The Court: You are entitled to an attorney. If you have not money or means to employ one it is the duty of this court to appoint an attorney for you. Do you want an attorney appointed by the court to counsel with and to represent you before you are arraigned?

"Defendant: I think so.

"The Court: You do want an attorney?

"Defendant: I think so.

"The Court: You do want an attorney?

"Defendant: I think so. I don't know exactly.

"The Court: Explain yourself, if there is any-

thing you want to ask, we can talk with you about it.

"Defendant: I don't know whether I need one or not, what I mean is, I am going to be waived.

"The Court: You are waived.

"Defendant: I am waived now?

"The Court: Do you want an attorney?

"Defendant: No, I don't think my Mom and Dad can afford an attorney.

"The Court: Do you want one on your own? Do you want the court to appoint a local attorney to counsel with?

"Defendant: I don't know whether they can do me any good or not.

"The Court: Do you want time to think it over?

"Defendant: I don't know. Do you think it would do me any good?

"Prosecuting Attorney: If the court please, we might have the affidavit read to the defendant. He can, on hearing the affidavit decide whether it will help.

"The Court: We will have the affidavit read and you can follow the reading.

"Clarence DeVaney, Clerk of the Hamilton Circuit Court, reads the affidavit, which is in the words and figures, to wit: (H. I.)

"The Court: That is the affidavit. Do you understand it?

"Defendant: Yes.

"The Court: I will read you the offense on it and the penalty. Second Degree Burglary. Whoever breaks and enters into any building or structure other than a dwelling house or place of human habitation with intent to commit a felony therein shall be guilty of Burglary in the Second Degree, and upon conviction shall be imprisoned for not less than two nor more than five years and be disfranchised and rendered incapable of holding any office of trust or profit

for any determinate period. That is the sentence on this offense. Now, I will ask you if you feel that you want an attorney appointed?

"Defendant: I think I do.

"The Court: You say your parents can afford an attorney?

"Defendant: I don't think they can right now.

"The Court: Would you like to have a hearing on that as to whether they can afford it and then if you cannot we will appoint one and if they can they will obtain one themselves.

"Defendant: You have to have a hearing on that?

"The Court: Well, if that, what will happen will be that the Prosecutor will probably get in contact with them or the Probation Officer and ask them if they have the means with which to employ an attorney for you.

"Defendant: O.K.

"The Court: If they don't, then we will have you come back and ask you if you want the court to appoint an attorney if they don't have means. Do you want the court to appoint?

"Defendant: Yes.

"The Court: That is the conclusion of this hearing then. Bond is set at $2500.00, I believe we set it at.

"The Defendant left the court room.

"About an hour later the Defendant returned to the court room and the following proceedings were held:

"The Court: Mr. Monroe, would you take the stand, please?

"The Defendant is again sworn by the Bailiff and resumes the witness stand.

"The Court: You are the same Donald Monroe who was here earlier today and took the stand?

"Defendant: Yes.

"The Court: I then asked you whether or not

you wanted an attorney appointed, you said that you did. Do you still want an attorney?

"Defendant: No.

"The Court: You don't want an attorney. Alright. The affidavit has once been read to you, do you want it to be read again?

"Defendant: No, sir.

"The Court: Do you understand what it is, Second Degree Burglary, and that the penalty is from two to five years?

"Defendant: Yes, sir.

"The Court: Do you wish to have a copy of the affidavit?

"Defendant: To keep with me?

"The Court: Yes.

"(Defendant takes a copy of the affidavit.)

"The Court: Has anyone made any promises to you or threatened you in any way to induce you to plead either guilty or not guilty in this cause?

"Defendant: No, sir.

"The Court: If you plead not guilty you are entitled to a hearing and trial as quickly as it can be done without unreasonable or unnecessary delay. The affidavit has been read and you understand what was read to you, do you understand?

"Defendant: Yes, sir.

"The Court: Are you now ready to plead on the affidavit?

"Defendant: Yes, Sir.

"The Court: How do you wish to plead?

"Defendant: Guilty.

"The Court: Would you take a seat and let the State present its evidence."

The law is well settled that the accused in a criminal case is entitled under the State and Federal

Constitutions to be represented by counsel at every stage of the proceedings against him. *Goff* v. *State* (1960), 240 Ind. 267, 163 N. E. 2d 888; *State ex rel. Grecco* v. *Allen Cir. Ct. et al.* (1958), 238 Ind. 571, 574; 153 N. E. 2d 914; *State* v. *Minton* (1955), 234 Ind. 578; 130 N. E. 2d 226; *Wizniuk* v. *State* (1961), 241 Ind. 638, 175 N. E. 2d 1.

A minor's plea of guilty may be accepted even though he is without counsel.

". . . But to be valid and binding upon the accused, such a plea must be made by the accused intelligently, advisedly and understandingly with full knowledge of his rights, and with the considered approval of the judge before whom he stands charged." *Harshman* v. *State* (1953), 232 Ind. 618, 620, 115 N. E. 2d 501; *Von Moltke* v. *Gillies* (1948), 332 U. S. 708 68 Sup. Ct. 316, 92 L. Ed. 309.

The record before us here indicates that the appellant, a boy sixteen years of age, during the course of his interrogation by the court was asked five times whether he wanted counsel, and that he replied in the affirmative each time. After an intermission of approximately one hour he was called back into court, and upon then being asked one time whether he wanted counsel, he replied in the negative. The court thereupon proceeded to accept his plea of guilty without counsel and entered finding and sentence.

We believe the evidence here clearly indicates the appellant expressed his desire for counsel to the court, but such was not accorded him in this case, and it is our opinion therefore that he was denied the full measure of his constitutional rights and the acceptance of his plea of guilty under the circumstances was ill advised and erroneous.

The judgment of the lower court is reversed with directions to grant the writ.

Landis, C. J., and Bobbitt, J., concur.

Arterburn, J., concurs in result.

Achor, J., dissents without opinion.

NOTE.—Reported in 175 N. E. 2d 692.