JOHNSON, ETC. *v.* DOWD, WARDEN.

[No. 0-613. Filed November 19, 1963.]

*Alfred L. Johnson, pro se.*

LANDIS, J.—Appellant has filed in this Court motions for probable cause to appeal and to proceed in forma pauperis from the judgment of the La Porte Circuit Court dismissing his petition for writ of habeas corpus. Appellant's motion for probable cause to appeal was heretofore dismissed by this Court on November 9, 1960, and rehearing was denied on December 19, 1960.

Appellant thereafter filed petition for writ of certiorari with the Supreme Court of the U. S. which on April 15, 1963, vacated the judgment of dismissal heretofore entered by this Court, and remanded the cause for further consideration in the light of *Lane* v. *Brown* (1963), 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892.

This Court thereafter on September 12, 1963, ordered that the public defender for the state of Indiana should file a statement and show cause to this Court on or before October 11, 1963, why he does not represent appellant herein in an appeal from the judgment of the La Porte Circuit Court denying appellant's petition for writ of habeas corpus, dated July 20, 1960; and further

to show cause why he has not procured a transcript of the proceedings therein, citing: *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881, 177 N. E. 2d 465, in which case certiorari was denied by the Supreme Court of the U. S. on June 17, 1963.

The public defender of the state of Indiana, on October 1, 1963, filed with this Court pursuant to said order of September 12, 1963, his response showing cause why he has refused to represent appellant in the appeal from the judgment of the La Porte Circuit Court denying appellant's petition for writ of habeas corpus, and further why he has not procured a transcript of the proceedings therein.

From the public defender's said response to this Court it appears as follows, to-wit:

"That . . . appellant, Alfred L. Johnson, alias Albert L. Johnson, was convicted of the crime of assault and battery with intent to commit a felony on July 28, 1954, and was thereupon sentenced to a term of not less than one (1) nor more than ten (10) years.

"That the prosecution resulting in his conviction arose out of a criminal action filed against him wherein he was charged with robbery and automobile banditry. He was found not guilty of automobile banditry and was found guilty of assault and battery with intent to commit a felony which was and is an included offense in the charge of robbery.

"Since his conviction he has constantly claimed that having been charged with robbery, he could not have been found guilty of a lesser included offense, to-wit: assault and battery with intent to commit a felony. He has now on file in the above entitled Court his petition in the form of mandamus wherein he demands that this Court require the Public Defender to represent him, resulting in the order requiring the Public Defender to either represent him as requested or show cause why he refuses services to the appellant. The record

of the trial court indicates that on December 16, 1953, an affidavit was filed against him in two counts, a copy of which affidavit is attached to this report and made part thereof.

"That thereafter the record of the trial court shows that as the result of a jury trial he was found not guilty of Count Two and was found guilty of assault and battery with intent to commit a felony as embraced in Count One of the affidavit.

"The appellant's whole contention seems to be that the crime of assault and battery with intent to commit a felony was not an included offense in robbery. The Court's attention is directed to *Hazlett* v. *State* (1951), 229 Ind. 577 [99 N. E. 2d 743]. This question has been exhaustedly [sic] treated in the above cited case starting at page 583 and ending at page 586 of the above cited case, wherein the Supreme Court definitely found that assault and battery with intent to commit a felony was and is an included offense in robbery. In the opinion of the Public Defender it appears to be quite voluminous to set out verbatim unless the Court deems it proper that the same be set out in full.

"In view of the fact that there never was any merit to appellant's complaint regarding his sentence the Public Defender has and now refuses to lend his aid to wholly frivolous and unmerited matters unless, this Court deems otherwise."

This Court after a careful examination and a review of the response of the public defender, and the appellant's motion for probable cause for appeal, and to proceed in forma pauperis, wherein appellant alleges that the dismissal by the trial court of his petition for writ of habeas corpus was in violation of "certain constitutional rights and law of the State of Indiana and in violation of the Due Process of law clause of the 14th Amendment of the United States [Constitution]", and in further review of the record, concludes as stated in the said

response of the public defender, that the gist of appellant's entire contention in this case appears to be that the crime of assault and battery with intent to commit a felony, of which he was convicted, was not an included offense of the crime of robbery with which he was charged. However, the case law of this state is squarely against appellant's contention in this regard, the authorities for which legal proposition are set out in Hazlett v. State (1951), 229 Ind. 577, 99 N. E. 2d 743. No useful purpose would be served by re-examining the exhaustive treatment and discussion of the law of this state set forth in the Hazlett case, and the authorities therein cited, which refer to the early common law rule on included offenses as modified by statute and as interpreted by decisions of this state. Contrary to appellant's contentions as above stated, and according to the settled law of this state the crime of assault and battery with intent to commit a felony is an included offense of the crime of robbery. As this is appellant's sole contention and as appellant's position in this respect is not well taken, we are unable to learn of any respect in which appellant's rights under the laws of this state or under the Constitution of Indiana or the 14th Amendment of the U. S. Constitution have been violated.

We find, therefore, after a careful review of the record in this case that there is no merit whatever to appellant's attempted appeal from the dismissal of his petition for writ of habeas corpus, and it follows that the public defender of this state was under no obligation to prosecute such appeal as it would, in our judgment, be entirely frivolous and for no useful purpose. Neither is there, under such circumstances, any obligation to appoint further pauper counsel for the prosecution of an appeal when it ap-

pears from the record that the result would be entirely fruitless and of no benefit to appellant.

Similarly, by the same token, it appears that no useful purpose would be served by directing the preparing of a transcript of the proceedings below for the prosecution of a frivolous appeal.

In the light of the discussion in *Willoughby* v. *State* (1961), *supra,* 242 Ind. 183, 167 N. E. 2d 881, 177 N. E. 2d 465, and *Lane* v. *Brown* (1963), *supra,* 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892, we find no merit to appellant's motions for probable cause to appeal and to proceed in forma pauperis, from the dismissal of his habeas corpus petition, and said motions are therefore overruled.

Myers, C. J., and Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 906.