LINDSEY *v.* STATE OF INDIANA.

[No. 30,450. Filed February 16, 1965. Rehearing denied April 26, 1965.]

*Robert R. Riggle,* of Jeffersonville, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an appeal from a decision in which the appellant's petition for writ of error coram nobis was denied in the Clark Circuit Court on May 13, 1963.

Previously, on March 2, 1961, appellant had been found guilty in said court by jury on an affidavit of two counts: Count One charging appellant with the crime of automobile banditry [§10-4710, Burns' Ind. Stat. (1956 Repl.)], for which he was sentenced for a period of 10 years, and Count Two with second degree burglary [§10-701, Burns' Ind. Stat. (1956 Repl.)], for which he was sentenced for a period of two to five years, said sentences to run concurrently.

In his petition for writ of error coram nobis, which was filed by appellant and presented *pro se* in the trial court, appellant asserted (1) that he was not given

competent representation by court-appointed counsel in the trial of the original cause. He here further asserts that his constitutional rights were denied him with respect to said cause of action in that (2) he was denied representation by counsel in his proceedings in error coram nobis, in that the public defender refused to represent him in said cause and that notwithstanding such refusal, the trial court refused to appoint other pauper counsel to represent him in the cause.

Appellant's appeal to this court is by newly appointed counsel, procured at public expense. Under our statute it is the duty of the public defender of this state to represent all indigent prisoners who, after the expiration of their right to a timely appeal, seek redress from some illegality in the proceedings by which they are convicted. This obligation of the public defender is, however, conditioned upon the ability of the public defender to present some appealable issue. *Johnson* v. *Dowd* (1963), 244 Ind. 496, 193 N. E. 2d 906; cert. den. (1964), 376 U. S. 965; 11 L. Ed. 2d 982; *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881, 177 N. E. 2d 465; cert. den. (1963), 374 U. S. 382, 10 L. Ed. 2d 1055.

In event the public defender fails or refuses to so represent an indigent prisoner he may *pro se* file a petition in this court asking that such public defender be required to provide such representation or show cause for such failure or refusal. However, because of the seriousness of the allegations made by the appellant and in order to finally put at rest any further contention regarding these allegations, this court issued an order to the public defender requiring him to show cause why he has not represented the petitioner in the proceedings in error coram nobis which are now before us on appeal, and the public defender having filed such

a report, we have elected to consider all the issues raised by appellant as we would have done in event of a timely appeal.

We now consider the report of the public defender together with the evidence heard at the proceedings in error coram nobis had in the trial court, to determine whether there is any merit to petitioner's contention that he was not provided with competent counsel at the time of the original trial of the case, in that such counsel failed to assert numerous errors alleged to have been committed in the course of said trial.

In support of his contention that he was not provided adequate counsel at the time of his trial, appellant advances the following arguments: (1) That the charge filed was subject to motion to quash but that appellant's court-appointed counsel failed to file such a motion. (2) That appellant was not provided counsel at the time of his arraignment, in violation of his constitutional right to be represented by counsel in all stages of the proceedings, but that counsel failed to raise this issue. (3) That the goods allegedly stolen were never produced in court and therefore its identification was not properly established. (4) That the goods allegedly stolen were seized as the result of an illegal search and seizure and, therefore, evidence thereof was not admissible. (5) That appellant furnished his lawyer with a list of witnesses who would testify as to his good moral character but that said attorney failed to produce any such witnesses in court. (6) That counsel failed to object to appellant's being sentenced on two counts, one of which was an offense included within the other.

1. Count Two of the affidavit alleged that the appellant did "unlawfully, feloniously, and burglariously break into the building and structure known and designated as McClure's Drug Store." It is appellant's contention that the affidavit was fatally

defective in that he was not charged with breaking *and entering* into said building but was only charged with breaking into the building. We find no merit to this contention. The phrase "break into" is defined by Webster's Third Unabridged International Dictionary as "to make entry or entrance into." And the Universal Dictionary of the English Language, edited at Oxford University, defines the words "break into" as to "force one's way into a . . . house, especially applicable to burglary." Thus to charge a man of breaking into a building is equivalent to alleging that he broke and entered into a building.

In the case of *Taylor* v. *State* (1956), 236 Ind. 415, 418, 140 N. E. 2d 104, this court said:

" . . . [A]n offense need not be charged in the exact language of the statute, but words which import the same meaning will be sufficient. *Madison* v. *State, supra* [234 Ind. 517, 130 N. E. 2d 35] ; *Kistler* v. *State* (1921), 190 Ind. 149, 152, 129 N. E. 625."

2. Appellant did not file a transcript of the record of the arraignment as required by Rule 2-40 and therefore he has not properly presented the issue of lack of counsel at the arraignment. In any event, failure of trial counsel to raise the issue is not ipso facto evidence of court-appointed counsel's inadequacy or incompetence. At best, such failure is only evidentiary and its weight depends on the record. Appellee has supplied that record, the import of which is ambiguous. For example, appellant stated he would rather employ his own attorney but that he would have to make a phone call to borrow the money. This, he was told, he could do, but the record is silent as to his response. Next, but without reference to intervening events, if any, he entered a plea of not guilty. Such a record does not provide a basis on which to overturn the judgment of the court below, especially under circumstances where the case

proceeds to trial and appellant's rights are fully adjudicated. *Dobson* v. *State* (1961), 242 Ind. 267, 269, 177 N. E. 2d 395; *Penn* v. *State* (1961), 242 Ind. 359, 364, 177 N. E. 2d 889; *Douglas* v. *State* (1955), 234 Ind. 621, 625, 130 N. E. 2d 465.[1]

Furthermore, the transcript of the arraignment demonstrates an eagerness of appellant to proceed with trial. That same eagerness may well have been ■ the factor which influenced counsel to omit a challenge to the arraignment which, at best, would probably have produced only a further delay in getting the case to trial. Further, there being no evidence to the contrary, we must assume that appellant discussed these matters with counsel and since no objection to the tactical judgment of counsel was made, appellant is bound by that judgment and may not assert it now to impugn the competence of counsel. See: **Bullard** v. *State* (1964), 245 Ind. 190, 197 N. E. 2d 295 (on rehearing).

3. It was not necessary that the goods allegedly stolen be produced in court as evidence. Photographs of the articles stolen by appellant were identified by the ■ owner of the drug store which was burglarized and these photographs were introduced in evidence. It was only necessary that the goods be properly identified. *Holler* v. *State* (1941), 219 Ind. 303, 304, 305, 38 N. E. 2d 242. See also: *Dixon* v. *State* (1945), 223 Ind. 521, 528, 62 N. E. 2d 629.

4. It is contended that the stolen merchandise was discovered as a result of an illegal (a) search and (b)

---

1. Under the circumstances here present the denial of counsel could do no more than vitiate the arraignment, and under the statute and the decision of this court the requirement of arraignment may be waived and even the absence thereof may not be raised after an accused has gone to trial. Harvey v. State (1953), 232 Ind. 574, 114 N. E. 2d 457; Acts 1905, ch. 169, §197, p. 584; 1927, ch. 132, §9, p. 411, being Burns' Ind. Stat. Anno. §9-1201 (1956 Repl.).

seizure and therefore that failure of counsel to move to suppress this evidence was a dereliction of duty.

(a) We consider the facts regarding the alleged illegal search in this case. After appellant was arrested by police, after detailed identification by a witness who had seen him carry the merchandise from a drug store, the officers went to the trailer sales lot where appellant had been seen. They called on appellant's sister who, with her husband, owned the lot, and told her of the burglary and of appellant's arrest. She took them to a particular trailer, the main door of which was open. They saw the stolen merchandise on a bed and on the floor of the trailer, inside the screen door. Thus, the officers discovered the stolen goods in plain view without making any opening into or entering the trailer.

The Indiana decisions have not dealt extensively with the question of what constitutes a search, but there is one definition of search which is applicable. In *McCoy* v. *State* (1960), 241 Ind. 104, 115, 170 N. E. 2d 43, this court said:

> ". . . . In the law of searches and seizures, the term 'search' implies a prying into hidden places for that which is concealed."

The facts as set out above indicate that there was no prying and the contraband taken was not hidden. There was simply a discovery of that which was open to view. Similar cases in other jurisdictions have reached the conclusion that such a discovery does not constitute a search. *People* v. *Easley* (1957), 148 Cal. App. 2d 565, 307 P. 2d 10; *People* v. *Ruiz* (1956), 146 Cal. App. 2d 630, 304 P. 2d 175; *People* v. *Searcy* (1962), 199 Cal. App. 2d 470, 18 Cal. Reptr. 779.

(b) Was there an illegal seizure of the contraband property? Appellant, in support of his argument that the seizure was illegal, cites and relies upon the case of

*Dalton* v. *State* (1952), 230 Ind. 626, 105 N. E. 2d 509, in which officers seized an automobile, which had been involved in a "hit and run" accident, from the defendant's premises. Appellant's wife, in whose name title to the car had been placed, consented to the seizure. However, as a matter of fact, the car was actually *owned* by appellant, who had paid for it and operated it exclusively. Thus the seizure, although made with his wife's consent, was said to constitute an invasion of the defendant's exclusive possessary and property right to the article seized.

The facts in the case at bar are distinguishable for two reasons: (1) Since the property was contraband (stolen property), appellant had no standing to claim constitutional protection against its seizure by law enforcement officers. *United States* v. *Pete* (D. D. C. 1953), 111 F. Supp. 292; 79 C. J. S. *Searches and Seizures* §17, p. 793. Also, (2) under the circumstances of the case appellant's sister was invested with authority to enter the trailer, invite the officers in and consent to and effectuate the seizure of the stolen property with no invasion of appellant's right of privacy.

In the instant case, the trailer occupied by appellant was one of many on display for sale on a sales lot owned and operated by appellant's sister and her husband. True, there is evidence that appellant was "planning to purchase" this trailer, but he had paid nothing toward its purchase, and since he had not moved it to a residence trailer court it may be assumed that the trailer, although tentatively occupied by appellant, was occupied by him at the sufferance of its owners, one of whom first entered the trailer and authorized the officers to take the contraband found therein. Therefore, we cannot say that the seizure in this case was *unreasonable,* and this is the nature and extent of the

constitutional guarantee upon which appellant relies.[2]

Under the facts here presented, counsel's failure to file a motion to suppress the evidence did not constitute error and therefore such failure cannot be said to have been evidence of incompetency on the part of such counsel.

5. The failure of counsel to subpoena witnesses listed by appellant cannot, under the circumstances of this case, be considered to indicate incompetency of counsel. The return of the public defender is supported by testimony of trial counsel to the effect that the witnesses listed were contacted and refused to testify on appellant's behalf.

Further, counsel was confronted by the fact that when an accused testifies or introduces evidence of his good moral character, it opens the door for the prosecutor to introduce evidence to the contrary, including prior convictions, when a proper foundation has been laid. See: *Barnett* v. *State* (1959), 240 Ind. 129, 161 N. E. 2d 444; *Wells* v. *State* (1959), 239 Ind. 415, 158 N. E. 2d 256; *Bolden* v. *State* (1927), 199 Ind. 160, 163, 155 N. E. 824.

Appellant had a record of several burglary convictions; he had also been given a dishonorable discharge from the Army for having been convicted of the crime of burglary. Under this record it would have been folly for his counsel to introduce evidence as to appellant's good moral character.

6. This court has said many times that it is the duty of trial counsel to file a motion for new trial as a basis for the review of any errors which he believes occurred during the trial. We have also held that pauper counsel should not be paid unless he has

---

2. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated. . . ." Art. 1, §11, Indiana Constitution. [This is substantially the same language as contained in the 4th Amend. to the U. S. Constitution.]

filed such a motion or filed a waiver thereof. *Sparks* v. *State* (1964), 245 Ind. 245, 196 N. E. 2d 748.

At the hearing in error coram nobis, trial counsel justified his failure to file a motion for new trial on the ground that he could find no legitimate basis upon which to predicate the filing of such motion and, in support of that decision, he stated that he relied upon the case of *McCrary* v. *State* (1960), 241 Ind. 518, 535, 173 N. E. 2d 300.

We are aware, as urged by appellant, that the case of *Lane* v. *Brown*, 83 S. Ct. 768 (1960), held that a delegation of sole discretion as to the prosecution of an appeal with the state public defender, was an improper delegation of authority. And we are aware that by the same analogy the trial counsel cannot be vested with sole discretion as to the propriety of the filing of a motion for new trial. However, we do not agree that the same rule applies as to the exercise of discretion by trial counsel, relative to either the filing of a motion for new trial or the grounds asserted therein. Whether trial counsel is defendant-employed or court-appointed, we assume that if reversible error was committed prior to or during the trial, counsel will present such error by a motion for new trial, and, failing to file such a motion, we assume that no such error was committed or that error, if any, was waived. Thus the exercise of discretion by trial counsel relative to the filing of a motion for new trial is not *per se* the subject of judicial review, although counsel's action with respect thereto may be considered as an evidentiary fact in conjunction with other facts as bearing upon the issue of the competency of counsel. In this case, the failure of trial counsel to file a motion for new trial has been considered as bearing upon the competency of such counsel, and the refusal of the public defender of the state to prosecute an appeal in this case has been

subjected to review by this court on the basis of the facts. It is our opinion that the constitutional requirements of both the state and federal constitutions are met. *In re Lee* (1964), 246 Ind. 7, 198 N. E. 2d 231; *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881, cert. den. (1963), 374 U. S. 382. Basically this is the practice of the federal courts.

Furthermore, in this case the court has exercised extreme caution in appellant's behalf by considering the merits of all errors alleged to have occurred in the course of the trial.

7. Finally we consider failure of court-appointed trial counsel to object to the sentencing of appellant on both counts of the affidavit, the first count charging appellant with the crime of automobile banditry, and the second count with second degree burglary. Appellant asserts that this failure is further evidence of counsel's incompetence. This asserted error is predicated upon the theory that second degree burglary is a lesser included offense within the charge of auto banditry. Parenthetically, we note that neither, appellant, through the facilities of the penitentiary "writ room," in preparing his *pro se* pleadings, nor his counsel on this appeal, has submitted any authority in support of this contention.

However, we cite the case of *Hatfield; West* v. *State* (1961), 241 Ind. 225, 171 N. E. 2d 259, in which the sentencing of appellant on both counts was held to be erroneous, since second degree burglary was considered to be an included offense in auto banditry, as the latter crime was then proscribed in §10-4710, Burns' Ind. Stat. (1956 Repl.), *supra*. It should be noted, however, that the *Hatfield* case had been decided only recently and had not yet been reported in the official reports at the time of appellant's sentencing. Counsel's failure to discover it at that time,

while possibly constituting an oversight was not such a failure as to support a finding of incompetence. However, under the *Hatfield* case, *supra,* which was then controlling of the law applicable to appellant's sentencing, judgment imposing sentence for second degree burglary concurrently with the judgment for auto banditry was erroneous.[3]

However, the improper sentencing, to which appellant objects, obviously occurred after the trial. It did not affect the trial itself, and therefore the error does not require the granting of a new trial. Under the intrinsic record in this case, it is proper for this court to order the error corrected by reversing the judgment as to Count Two of the affidavit and sustain it as to Count One thereof—the greater or primary offense. *Dowd, Warden, Etc.* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

We find no evidence of derelictions by counsel before or during trial sufficient to support a charge of incompetence or inadequate representation during the trial, or in counsel's failure to prosecute a timely appeal therefrom. Neither is there any showing of error upon which a proceedings in error coram nobis might have been successfully presented.

Judgment, after being corrected as heretofore indicated, is affirmed.

Arterburn, C. J., Landis & Myers, JJ. concur.

Jackson, J., dissents with opinion.

---

3. We reserve decision on the question of whether or not the 1961 amendment to §10-4710, Burns' 1956 Replacement (1964 Supp.), which reduced the penalty of automobile banditry from "ten [10] years nor more than twenty-five [25] years," to "one [1] year nor more than five [5] years," [which is less than the penalty provided for second degree burglary] demonstrates a legislative intention to nullify the law of Hatfield; West v. State (1961), 241 Ind 225, 171 N. E. 2d 259, as applied after the effective date of the amendment.

DISSENT

JACKSON, J.—I agree, in part, with the conclusions reached in the majority opinion.

I am, however, compelled to dissent to the majority opinion for the reason that appellant was denied his constitutional rights herein by the failure of the court to appoint counsel for him prior to compelling him to plead to the charges on which he was arrested and tried, *i.e.* "affidavit No. 8856" count one of which charged automobile banditry [Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement], and count two of which charged second degree burglary [Acts 1941, ch. 148, §4, p. 447, being §10-701, Burns' 1956 Replacement].

The record of the arraignment as brought up by the Public Defender reads in pertinent part as follows:

"Q. 3 You are entitled to an attorney if you want one.
"A. Well, I would appreciate an attorney.
"MR. SNYDER: Aren't you working?
"A. No sir.
"MR. SNYDER: Don't you own your car or trailer or something?
"A. No, they are financed.
"Q. 4 Do you have the funds with which to employ an attorney?
"A. No sir.
"MR SNYDER: Wouldn't you prefer to hire your own attorney?
"A. Yes, but I would have to borrow the money.
"MR. SNYDER: Well, can you borrow the money?
"A. I don't know: it depends on whether I can make a telephone call or not.
"MR. SNYDER: Well, I think the Sheriff will let you use the telephone.
"Q. 5 How do you plead, guilty or not guilty?

"A. Well, I have got to plead not guilty because I am not guilty.

"MR. SNYDER: I would like to have about $2,500 bond on this Judge.

"Q. 6 All right, the bond will be $2,500."

The fact that appellant was denied counsel at the very first opportunity he had to ask for it, at the arraignment, and after he indicated he desired the court to appoint counsel for him, constituted such a violation of his constitutional rights as to vitiate all proceedings thereafter. Art. 1, §13, Constitution of Indiana; *Monroe v. State* (1961), 242 Ind. 14, 175 N. E. 2d 692.

Other questions raised by the appellant are, in my opinion, well taken, but need not be here discussed as the failure to provide counsel at arraignment after request, as shown by the record produced by the public defender in response to the show cause order issued by this court, requires the remand of this cause to the trial court with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 204 N. E. 2d 357.