454

HENRY RICE *v.* STATE OF INDIANA.

[No. 576S131. Filed October 8, 1976.]

*John T. Davis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by indictment in three counts: Count I, kidnapping; Count II, rape; and Count III, commission of a felony, rape while armed. Trial by jury resulted in verdicts of guilty on all three counts. The trial court sentenced the appellant to life imprisonment on the verdict of guilty on Count I, and to thirty years imprisonment on the verdict of guilty to Count III, said sentences to run concurrently.

The facts as shown by the record necessary for the writing of this opinion are that the appellant entered a dwelling house where he accosted the prosecuting witness, a twelve-year old child, while she was asleep in a bed, forced her to leave the house at knife point and raped her. He was arrested by police officers at the scene of the crime while still holding a knife to the prosecuting witness's back.

Appellant's sole contention of error is that the verdict of the jury and the decision of the court are contrary to law because the crimes of kidnapping and rape are included offenses in the crime of automobile banditry; therefore the appellant could only be sentenced to prison for a period not to exceed five years. Appellant cites *Hatfield & West* v. *State*, (1961) 241 Ind. 225, 171 N.E.2d 259, *Lindsey* v. *State*, (1965) 246 Ind. 431, 204 N.E.2d 357, 4 Ind. Dec. 537, *Hall* v. *State*, (1972) 259 Ind. 131, 284 N.E.2d 758, 32 Ind. Dec. 28, *Harrison* v. *State*, (1973) 155 Ind. App. 231, 292 N.E.2d 612, 35 Ind. Dec. 165, *Hester* v. *State*, (1974) 262 Ind. 284, 315 N.E.2d 351, 43 Ind. Dec. 350, *Dembowski* v. *State*, (1968) 251 Ind. 250, 240 N.E.2d 815, 15 Ind. Dec. 486, and other related cases to support his contention above stated. We cannot agree with the appellant in the application of these cases to his factual situation. In the cases cited automobile banditry had been charged along with various other crimes. The indictments or affidavits were so drawn so as to include the other crimes with the automobile banditry. This Court has held that when this occurs the lesser included crimes merge with the greater crime of automobile banditry as alleged.

However in the case at bar there is no charge of automobile banditry. Thus this case does not fall within the factual framework of the cases cited by the appellant. The mere fact that a particular crime may be charged so as to be an included offense in a particular crime does not mean that in every case where such a crime is charged it is necessarily an included offense in a greater crime which might have been charged but was not charged.

We therefore hold that automobile banditry was not charged in this case; therefore the crimes charged were not included offenses in the crime of automobile banditry. The trial court did not err in sentencing the appellant according to the statutory penalties for the crimes for which he was convicted. The trial court is in all things affirmed.

Arterburn, Hunter, and Prentice, JJ., concur; DeBruler, J., concurs in result with opinion.

OPINION CONCURRING IN RESULT

DEBRULER, J.—I concur in the result in this case. The correct rationale for the conclusion that is reached by the majority is that automobile banditry has no lesser and included offenses in any case, even one in which the prosecutor chooses to charge automobile banditry.

The State suggests this result in its brief. Its position is based upon a reading of *Mahoney* v. *State*, (1931) 203 Ind. 421, 180 N.E. 580; *Mims et al.* v. *State*, (1956) 236 Ind. 439, 140 N.E.2d 878; *Hatfield, West* v. *State*, (1961) 241 Ind. 225, 171 N.E.2d 259; *Lindsey* v. *State*, (1964) 246 Ind. 431, 204 N.E.2d 357. Prior to 1961, the offense of automobile banditry carried a determinate sentence of from ten to twenty-five years. In 1961, after this Court held in *Hatfield, West, supra,* that the felony involved in the automobile banditry charge was a lesser and included offense of that automobile banditry, the Legislature reduced the punishment for automobile banditry from ten to twenty-five years to one to five years. In *Lindsey* v. *State, supra,* this Court specifically reserved the question of whether this amendment was evidence of a legislative intention to make automobile banditry a separate and distinct offense, and to render the holding in *Hatfield, West* nugatory. That reservation was made in the following footnote:

"3. We reserve decision on the question of whether or not the 1961 amendment to § 10-4710, Burns' 1956 Replacement (1964 Supp.), which reduced the penalty of automobile banditry from 'ten [10] years nor more than twenty-five [25] years,' to 'one [1] year nor more than five [5] years,' [which is less than the penalty provided for second degree burglary] demonstrates a legislative intention to nullify the law of *Hatfield, West* v. *State* (1961), 241 Ind. 225, 171 N.E.2d 259, as applied after the effective date of the amendment." 246 Ind. at 444.

Since the *Lindsey* footnote, this Court has not specifically held that the involved felony is a lesser and included offense of automobile banditry, even where automobile banditry is in fact charged. In my opinion, the reduction of the penalty by amendment in the aftermath of the *Hatfield, West* case is an expression of the legislative purpose to make automobile banditry separate and distinct from any felony involved and in all cases.

NOTE.—Reported at 355 N.E.2d 238.